## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINCHPINS OF LIBERTY,<br>138 Cliffe Run<br>Franklin, TN 37067<br><br>PATRIOTS EDUCATING CONCERNED<br>AMERICANS NOW,<br>1347 E. Cypress Avenue<br>Redding, CA 96002<br><br>GREENWICH TEA PARTY PATRIOTS<br>OF SOUTH JERSEY, INC.,<br>59 Cemetery Road<br>Woodstown, NJ 08098<br><br>GREATER PHOENIX TEA PARTY<br>PATRIOTS,<br>398 S. Palm Ln.<br>Chandler, AZ 85225<br><br>UNITE IN ACTION, INC.,<br>37637 Five Mile Rd.<br>Livonia, MI 48154<br><br>ALLEN AREA PATRIOTS,<br>11 Glenbrook Cir.<br>Lucas TX 75002<br><br>LAURENS COUNTY TEA PARTY,<br>530 W. Main St.<br>Laurens, SC 29360<br><br>NORTH EAST TARRANT TEA PARTY,<br>INC.,<br>2408 Texas Dr., Suite 100<br>Irving, TX 75062<br><br>MYRTLE BEACH TEA PARTY, INC.,<br>158 Jessica Lakes Dr.<br>Conway, SC 29526<br><br>ALBUQUERQUE TEA PARTY, INC.,<br>1709 Indiana St. NE<br>Albuquerque, NM 87110 | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

COLORADO 9/12 PROJECT,                     )
888 Federal Blvd.                          )
Denver, CO 80204                           )
                                           )
SAN ANTONIO TEA PARTY, INC.,               )
16109 University Oak                       )
San Antonio, TX 78249                      )
                                           )
WETUMPKA TEA PARTY, INC.,                  )
50 Country Club Dr.                        )
Wetumpka, AL 36092                         )
                                           )
OKC PIA ASSOCIATION,                       )
18513 Southeast 42nd St.                   )
Newalla, OK 74857                          )
                                           )
RICHMOND TEA PARTY,                        )
9840 Midlothian Turnpike, Suite W          )
Richmond, VA 23235                         )
                                           )
HAWAII TEA PARTY D/B/A MAUI TEA            )
PARTY                                      )
256 Puumakani Street                       )
Kahului, HI 96732                          )
                                           )
SHELBY COUNTY LIBERTY GROUP,               )
12991 Miami Shelby Road                    )
Sidney, OH 45365                           )
                                           )
MANASSAS TEA PARTY,                        )
8706 Jackson Ave                           )
Manassas, VA 20110                         )
                                           )
THE HONOLULU TEA PARTY,                    )
1163 Ka'eleku St.                          )
Honolulu, HI 96825                         )
                                           )
WACO TEA PARTY,                            )
10113 Cordoba Court                        )
Waco, TX 76708                             )
                                           )
KENTUCKY 9/12 PROJECT, INC.,               )
1130 Old Oxford                            )
Georgetown, KY 40324                       )
                                           )

2


SAN FERNANDO VALLEY                )
PATRIOTS, INC.,                    )
6345 Balboa Blvd., #212           )
Encino, CA 91316                   )
                                   )
PORTAGE COUNTY TEA PARTY, INC.,    )
4682 State Route 43                )
Kent, OH 44240                     )
                                   )
CHATTANOOGA TEA PARTY,             )
2315 Heavenly View Drive           )
Ooltewah, TN 37363                 )
                                   )
                and                )
                                   )
AMERICAN PATRIOTS AGAINST          )
GOVERNMENT EXCESS,                 )
2951 E. State St.                  )
Fremont, OH 43420-9283             )
                                   )
                Plaintiffs,        )
                                   )
                -vs-               )
                                   )
UNITED STATES OF AMERICA,          )
Eric H. Holder                     )
Attorney General of the United States  )
Department of Justice              )
Room B-103                         )
950 Pennsylvania Avenue, NW        )
Washington, DC 20530               )
                                   )
INTERNAL REVENUE SERVICE,          )
1111 Constitution Avenue, NW       )
Washington, DC 20004               )
                                   )
JACOB LEW, in his official capacity as  )
SECRETARY OF THE UNITED STATES     )
DEPARTMENT OF THE TREASURY,        )
1500 Pennsylvania Avenue, NW       )
Washington, DC 20220               )
                                   )
STEVEN MILLER, in his              )
individual capacity as former Deputy  )
Commissioner,                      )
Services & Enforcement, and Acting )

Commissioner, INTERNAL REVENUE                                    )
SERVICE,                                                          )
5006 Elsmere Pl.                                                  )
Bethesda, MD 20814                                               )
                                                                 )
LOIS G. LERNER, in her official and                              )
individual capacities as Director, Exempt                        )
Organizations Division,                                          )
INTERNAL REVENUE SERVICE,                                         )
1111 Constitution Avenue, NW                                     )
Washington, DC 20004                                             )
                                                                 )
6610 Fernwood Court                                              )
Bethesda, MD 20817                                               )
                                                                 )
HOLLY PAZ, in her official and individual                        )
capacities, as former Acting Manager, EO                         )
Technical Unit, former Acting Director,                          )
Office of Rulings & Agreements, and                              )
Director, Office of Rulings & Agreements,                        )
INTERNAL REVENUE SERVICE,                                         )
1111 Constitution Avenue, NW                                     )
Washington, DC 20004                                             )
                                                                 )
5703 Northfield Rd.                                              )
Bethesda, MD 20817                                               )
                                                                 )
                   and                                           )
                                                                 )
UNKNOWN NAMED OFFICIALS OF THE )
INTERNAL REVENUE SERVICE, in their                               )
official and individual capacities,                              )
1111 Constitution Avenue, NW                                     )
Washington, DC 20004                                             )
                                                                 )
_____Defendants._____)

## COMPLAINT

Plaintiffs, by undersigned counsel, herein state their Complaint and Causes of Action against

the United States of America; the Internal Revenue Service (IRS); Jacob Lew, in his official capacity

as Secretary of the United States Department of the Treasury; Stephen Miller, in his individual

capacity as former Deputy Commissioner, Services & Enforcement, and former Acting Commissioner of the IRS; Lois G. Lerner, individually and in her official capacity as the Director of the Exempt Organizations (EO) Division of the IRS; Holly Paz, individually and in her official capacity as former Acting Manager of the EO Technical Unit, former Acting Director of the Office of Rulings & Agreements, and Director of the Office of Rulings & Agreements; and Unknown Named Officials of the IRS (Unknown Named IRS Officials), individually and in their official capacities:

## INTRODUCTION

1.      Plaintiffs seek a declaratory judgment that the Defendants unlawfully delayed and obstructed Plaintiffs' applications for a determination of tax-exempt status by means of conduct that was based on unconstitutional criteria and impermissibly disparate treatment of Plaintiffs in violation of Plaintiffs' rights under the First and Fifth Amendments to the United States Constitution and the Administrative Procedure Act.

2.      Defendants unlawfully delayed and thereby effectively denied approval of Plaintiffs' applications for tax exempt status by means of a comprehensive, pervasive, invidious and organized scheme that purposefully established unnecessary and burdensome inquiries and scrutiny of Plaintiffs' applications based solely upon Plaintiffs' political viewpoints (or Defendants' assumption of Plaintiffs' viewpoints, based on their organizational names). Defendants' unlawful conduct included but was not limited to excessive scrutiny of Plaintiffs' applications by requiring donor names, listing of issues important to Plaintiffs' organizations, including their positions on such issues, the contents of communications between the organizations and legislative bodies, the applicant's criteria for membership, volunteer names and the political affiliations of persons

associated with the organizations, all in violation of Plaintiffs' rights under the First and Fifth Amendments to the United States Constitution and the Administrative Procedure Act.

3.      Plaintiffs additionally seek injunctive relief in the form of a permanent injunction prohibiting all Defendants, and all those in active concert with them, from unlawfully discriminating against Plaintiffs, including their officers, directors, and members, for disparate treatment and particular scrutiny based on the unconstitutional criteria of political viewpoint or association, all in violation of Plaintiffs' rights under the First and Fifth Amendments to the United States Constitution and the Administrative Procedure Act. Plaintiffs Greenwich Tea Party Patriots of South Jersey, Inc., Greater Phoenix Tea Party Patriots, Unite in Action, Inc., Allen Area Patriots, Laurens County Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., and Albuquerque Tea Party, Inc., request additional injunctive relief in the form a mandatory injunction compelling Defendant Secretary of the Treasury to immediately issue a determination that each such Plaintiff qualifies, pursuant to 26 U.S.C. § 501(c)(4), for exemption from taxation.

4.      Plaintiffs also seek compensatory and punitive damages against Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, as the individuals responsible for implementing, directing, and overseeing the unconstitutional conduct complained of herein.

5.      Plaintiffs Linchpins of Liberty and Patriots Educating Concerned Americans Now additionally request this Court to declare that Plaintiffs qualify, pursuant to 26 U.S.C. § 501(c)(3), for exemption from taxation.

6.      Plaintiffs Linchpins of Liberty, PECAN, Greenwich Tea Party Patriots of South Jersey, Inc., Greater Phoenix Tea Party Patriots, Unite in Action, Inc., Allen Area Patriots, Laurens County Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Albuquerque Tea Party, Inc., Shelby County Liberty Group, Manassas Tea Party, The Honolulu Tea Party, Waco Tea Party,

Kentucky 9/12 Project, Inc., Chattanooga Tea Party, and American Patriots Against Government Excess also seek damages against the United States for unauthorized inspections and disclosures of their tax return information in violation of 26 U.S.C. § 6103.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201, 28 U.S.C. § 1346(e), and 5 U.S.C. § 702.

6.     The United States has waived its sovereign immunity in this action pursuant to 5 U.S.C. § 702, 26 U.S.C. § 7428, and 26 U.S.C. § 7431.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)  since Defendants reside and/or perform their official duties in the District of Columbia, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. Venue is also proper in this Court pursuant to 26 U.S.C. § 7428(a), since this action seeks a declaratory judgment regarding initial qualification of an organization for exemption from taxation pursuant to 26 U.S.C. § 501(c)(3).

## PARTIES

## THE PLAINTIFFS

### *Plaintiffs Still Awaiting Determination of 501(c)(3) Tax-Exempt Status*

8.     Linchpins of Liberty is a not-for-profit Tennessee organization seeking 501(c)(3) tax-exempt status from the IRS.

9.     Patriots Educating Concerned Americans Now (PECAN) is a not-for-profit California corporation seeking 501(c)(3) tax-exempt status from the IRS.

### *Plaintiffs Still Awaiting Determination of 501(c)(4) Tax-Exempt Status*

10.     Greenwich Tea Party Patriots of South Jersey, Inc., is a not-for-profit New Jersey corporation seeking 501(c)(4) tax-exempt status from the IRS.

11.     Greater Phoenix Tea Party Patriots is a not-for-profit Arizona corporation seeking 501(c)(4) tax-exempt status from the IRS.

12.     Unite in Action, Inc., is a not-for-profit Michigan corporation seeking 501(c)(4) tax-exempt status from the IRS.

13.     Allen Area Patriots is a not-for-profit Texas corporation seeking 501(c)(4) tax-exempt status from the IRS.

14.     Laurens County Tea Party is a not-for-profit South Carolina corporation seeking 501(c)(4) tax-exempt status from the IRS.

15.     North East Tarrant Tea Party, Inc., is a not-for-profit Texas corporation seeking 501(c)(4) tax-exempt status from the IRS.

16.     Myrtle Beach Tea Party, Inc., is a not-for-profit South Carolina corporation seeking 501(c)(4) tax-exempt status from the IRS.

17.     Albuquerque Tea Party, Inc., is a not-for-profit New Mexico corporation seeking 501(c)(4) tax-exempt status from the IRS.[1]

*Plaintiffs Receiving Tax-Exempt Status Following Significant IRS Delay*

18.     Colorado 9/12 Project is a not-for-profit Colorado corporation with 501(c)(4) tax-exempt status.

19.     San Antonio Tea Party, Inc., is a not-for-profit Texas corporation with 501(c)(4) tax-exempt status.

---

[1] Exhibit 3, attached hereto and incorporated herein by reference, contains the Forms 1023 and 1024 submitted by the ten (10) Plaintiffs still awaiting approval of their applications for tax-exempt status.

20.     Wetumpka Tea Party, Inc., is a not-for-profit Alabama corporation with 501(c)(4) tax-exempt status.

21.     OKC PIA Association is a not-for-profit Oklahoma corporation with 501(c)(4) tax-exempt status.

22.     Richmond Tea Party is a not-for-profit Virginia corporation with 501(c)(4) tax-exempt status.

23.     Hawaii Tea Party is a not-for-profit Hawaii corporation with 501(c)(4) tax-exempt status.

24.     Shelby County Liberty Group is a not-for-profit Ohio organization with 501(c)(4) tax-exempt status.

25.     Manassas Tea Party is a not-for-profit Virginia organization with 501(c)(4) tax-exempt status.

26.     The Honolulu Tea Party is a not-for-profit Hawaii corporation with 501(c)(4) tax-exempt status.

27.     Waco Tea Party is a not-for-profit Texas corporation with 501(c)(4) tax-exempt status.

28.     Kentucky 9/12 Project, Inc., is a not-for-profit Kentucky corporation with 501(c)(4) tax-exempt status.

29.     Chattanooga Tea Party is a not-for-profit Tennessee corporation with 501(c)(4) tax-exempt status.

30.     American Patriots Against Government Excess is a not-for-profit Ohio corporation with 501(c)(4) tax-exempt status.

*Plaintiffs Withdrawing Tax-Exempt Applications Due to Unlawful IRS Conduct*

31.     San Fernando Valley Patriots, Inc., is a not-for-profit California organization that sought 501(c)(4) tax-exempt status from the IRS but withdrew its application due to Defendants'

significant delay in issuing a tax-exempt determination and Defendants' unconstitutional requests for additional information.

32.    Portage County Tea Party, Inc., is an Ohio corporation that sought 501(c)(4) tax-exempt status from the IRS but withdrew its application due to Defendants' significant delay in issuing a tax-exempt determination and Defendants' unconstitutional requests for additional information.

<u>THE DEFENDANTS</u>

33.    The United States of America is a proper defendant pursuant to 5 U.S.C. § 702, 26 U.S.C. § 7431(a), and 28 U.S.C. § 1346(e).

34.    Defendant Internal Revenue Service is an agency of the United States that is responsible for administration and enforcement of provisions of the Internal Revenue Code, as well as all other IRS rules, regulations, policies, and practices.

35.    Defendant Jacob Lew is Acting Secretary of the United States Department of the Treasury, an agency of the United States that is responsible for administration and enforcement of provisions of the Internal Revenue Code, as well as all other IRS rules, regulations, policies, and practices. Defendant Lew is named as a party only in his official capacity.

36.    Defendant Steven Miller was, at all times relevant herein, either the Deputy Commissioner for Services and Enforcement, or the Acting Commissioner of the Internal Revenue Service, and was, at all times relevant herein, responsible for the administration and enforcement of the provisions of the Internal Revenue Code as well as all other IRS rules, regulations, policies, and practices. Defendant Miller is sued in his individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

37.    Defendant Lois G. Lerner was at all times relevant herein the Director of the Exempt Organizations (EO) Division of the Internal Revenue Service and responsible for the administration

and enforcement of all rules, policies, and practices of the EO Division. Defendant Lerner is sued in her official capacity and in her individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

38.     Defendant Holly Paz was, at all times relevant herein, either the Acting Manager, EO Technical Unit, the Acting Director, Office of Rulings and Agreements, or the Director, Office of Rulings and Agreements, and was responsible for processing of determinations regarding applications for tax-exempt status, including providing guidance and oversight to other IRS officers and employees involved in such processing. Defendant Paz is sued in her official capacity and in her individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

39.     The Unknown Named IRS Officials are unidentified individual officials within the Internal Revenue Service who are responsible for administration and enforcement of all rules, policies, and practices of their respective divisions of the IRS. Each Unknown Named Defendant is sued in his or her official capacity and in his or her individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

## FACTUAL ALLEGATIONS

40.     Plaintiffs are all organizations that applied for 501(c)(3) or 501(c)(4) tax-exempt status with the IRS between 2009 and 2011.

41.     Each Plaintiff submitted to the IRS all requisite documentation and information in order for the IRS to determine that Plaintiff's application for tax-exempt status. Each Plaintiff complied in a timely manner with all reasonable requests for information from the IRS.[2]

---

[2] Exhibit 2, attached hereto and incorporated by reference herein, sets forth the timeline of events applicable to each individual Plaintiff's application for tax-exempt status.

42.     After filing their initial applications, all Plaintiffs received letters from the IRS requesting additional information that the IRS claimed was necessary in order to reach a determination of their applications for tax exemption.

43.     The IRS issued the foregoing letter requests to Plaintiffs based on Plaintiffs' political viewpoints (or Defendants' perception of such viewpoints based on Plaintiffs' names), and not based on the applicable criteria set forth in tax-exempt laws or Treasury Regulations.

44.     All but one of the Plaintiffs have names that include one of the following terms—"Tea Party," "Patriots," "9/12," "Liberty," or "American Values"—and the remaining organization describes itself as "a roundtable for groups concerned about the unconstitutional direction of America."

45.     Plaintiffs Linchpins of Liberty, PECAN, Greenwich Tea Party Patriots of South Jersey, Inc., Greater Phoenix Tea Party Patriots, Unite in Action, Inc., Allen Area Patriots, Laurens County Tea Party, Northeast Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Albuquerque Tea Party, Inc., Shelby County Liberty Group, Manassas Tea Party, First Coast Tea Party, Inc., Ohio Liberty Coalition, The Honolulu Tea Party, Waco Tea Party, Kentucky 9/12 Project, Inc., Chattanooga Tea Party, and American Patriots Against Government Excess all produced information in response to the foregoing letter requests.

46.     Various employees and officials within the Department of the Treasury inspected and/or disclosed the information produced by the above-identified Plaintiffs in response to the IRS's requests for additional information.

47.     On May 14, 2013, the Treasury Inspector General for Tax Administration (TIGTA) released the report of an IRS audit it initiated based on concerns expressed by Congress and the media about

the targeting of certain conservative political organizations seeking tax-exempt status. *See* Ex. 1 (TIGTA Report Ref. Number: 2013-10-053), at 3.

48.      TIGTA reported that the IRS, both before and during the 2012 election cycle, had  done the following:

(a) targeted tax-exempt applications for additional scrutiny and inquiry based on "inappropriate criteria"—including organizational names and policy positions;

(b) significantly delayed the processing of these applications, keeping them open over twice the length of time for processing of other applications requiring additional tax-exempt applications; and

(c) requested additional information from these applicants that was entirely unnecessary and irrelevant to the IRS's determination regarding the organizations' tax-exempt status.

*See* Ex. 1, at 5-20.

49.      At least as early as February 2010, the IRS began identifying applications for additional scrutiny (including the issuance of letter requests for additional information) from organizations seeking tax exemption whose names included the terms "Tea Party," "Patriots," "9/12," or other political-sounding names, such as "We the People," or "Take Back the Country." *See* Ex. 1, at 5-6, 30.

50.      All applications from organizations whose names included the terms "Tea Party," "Patriots," or "9/12" were discriminatorily singled out for additional scrutiny by the IRS. *See* Ex. 1, at 8.

51.      The IRS internally referred to such applications as "Tea Party cases." *See* Ex. 1, at 6.

52.      At least as early as April 2010, Defendant Paz, then-Acting Manager, EO Technical Unit, was aware of the selective targeting of and discrimination against the "Tea Party cases." *See* Ex. 1, at 31.

53.     In April 2010, Defendant Paz directed the preparation of a Sensitive Case Report regarding the "Tea Party cases." *See* Ex. 1, at 31.

54.     The Technical Unit prepared the Sensitive Case Report in mid-April 2010. *See* Ex. 1, at 32.

55.     Upon information and belief, according to the usual custom and practice, the Sensitive Case Report was shared with Robert Choi, then-Director, Rulings and Agreements Office, and a summary of the Report was provided to Defendant Lerner, Director, EO Division. *See* Ex. 1, at 32.

56.     Between April and July 2010, Defendant Paz and her team worked with other IRS agents and officials, including the Unknown Named IRS Officials, to discriminatorily identify additional "Tea Party" applications and to review letters requesting additional information from "Tea Party" applicants. *See* Ex. 1, at 32-33.

57.     As further evidence of the unlawful discrimination against the Plaintiffs, identification of "Tea Party" applications was based in part on what the IRS officials, including the individually named Defendants herein, internally referred to as a "Be on the Lookout," or BOLO, list. *See* Ex. 1, at 6.

58.     During the period from August, 2010 through July, 2012, the criteria on the BOLO list included, at various times, the following: ". . . various local organizations in the Tea Party movement" and "political action type organizations involved in limiting/expanding Government, educating on the Constitution and Bill of Rights, social economic reform/movement." *See* Ex. 1, at 6, 32-33, 35, 38.

59.     At least as early as June, 2011, Defendant Lerner and the Unknown Named IRS Officials were aware of the use of the following discriminatory criteria in identifying applications for further IRS scrutiny:

      (a) reference to "Tea Party," "Patriots," or "9/12 Project" in the case file;

(b) issues in the case included "Government spending, Government debt, or taxes";

(c) the applicant was engaged in "[e]ducation of the public via advocacy/lobbying to 'make America a better place to live'"; and

(d) the case file included statements criticizing "how the country is being run." *See* Ex. 1, at 35.

60.     The EO Technical Unit, under the direction of Defendant Paz, developed written guidelines to be used by IRS officials and employees who were processing the "Tea Party" applications. *See* Ex. 1, at 36-37.

61.     Based on these guidelines, IRS officials and employees, including Defendants Lerner, Paz, and the Unknown Named IRS Officials, then prepared, reviewed, and issued letters requesting additional information to the "Tea Party" applicants, including Plaintiffs herein. *See* Ex. 1, at 18, 38.

62.     The letters issued to "Tea Party" applicants, including Plaintiffs herein, requested such inappropriate and irrelevant information as (1) donor names; (2) a list of issues that are important to the applicant organization, as well as the organization's position regarding those issues; (3) the type of conversations and discussions between members and participants at organization activities; (4) whether the organization's officer(s) or director(s) have run or plan to run for public office; (5) the political affiliation of the officer(s) or director(s) of the organization; (6) information regarding the employment (other than for the organization) of the organization's officer(s) or director(s); and (7) information regarding the activities of other organizations with which the applicant has a connection. *See* Ex. 1, at 20.

63.     At least one Plaintiff herein was asked to provide the names of individuals who volunteered with the organization.

15

64.     For many "Tea Party" applicants, including several Plaintiffs herein, the issuance of these letters was delayed until a full year or more after the organizations initially filed their applications for tax-exempt status. *See* Ex. 1, at 12.

65.     After issuance of the additional information request letters, various media outlets began publicizing complaints from Tea Party organizations about the request letters, and Congress began to show concern about the IRS's discriminatory treatment of Tea Party organizations. *See* Ex. 1, at 18-19, 39.

66.     Following the appearance of this Congressional and media attention, Defendant Lerner finally halted the issuance of further letters requesting additional information until new guidelines were  developed and provided to those officials processing the "Tea Party" applications. Defendant Lerner did not, however, take any action at that time to ensure that letters previously issued which had requested unconstitutional and inappropriately intrusive information requests were retracted. *See* Ex. 1, at 19.

67.     In or around March, 2012, IRS officials and employees created a list of template questions to be included in future letters requesting additional information from "Tea Party" applicants. This list was provided to members of the Guidance Unit in Washington, D.C., and still included inappropriate and unconstitutional requests for donor information. *See* Ex. 1, at 39.

68.     At least as early as March, 2012, Defendant Miller, then-Deputy Commissioner for Services and Enforcement, was aware that the additional information being requested from Tea Party applicants included donor information. Rather than halt such requests, however, Miller indicated that IRS officials and employees processing these applications should permit those applicants who complained about the request to refrain from sending in the donor information for the time being, but

only with the clarification that the IRS might later require the applicant to provide such information. *See* Ex. 1, at 39.

69.     Between March and May, 2012, the IRS, through Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, continued to review the Tea Party applications and the additional information request letters issued to the applicants, and provided further guidance to the IRS employees regarding the processing of the applications.

70.     According to the TIGTA Report, the IRS did not apply additional scrutiny to the applications of other organizations seeking tax-exempt status under I.R.C. §§ 501(c)(3) and (4) based on the organizations' political viewpoints, including organizations with "indications of significant political campaign intervention." *See* Ex. 1, at 9.

71.     Plaintiffs Colorado 9/12 Project, San Antonio Tea Party, Inc., Wetumpka Tea Party, Inc., OKC PIA Association, Richmond Tea Party, Hawaii Tea Party, Shelby County Liberty Group, Manassas Tea Party, The Honolulu Tea Party, Waco Tea Party, Kentucky 9/12 Project, Inc., Chattanooga Tea Party, and American Patriots Against Government Excess were finally granted tax-exempt status following extensive delay and intrusive inquiries by the IRS.

72.     Plaintiffs San Fernando Valley Patriots, Inc., and Portage County Tea Party, Inc., withdrew their applications for 501(c)(4) tax-exempt status based on the unconstitutional requests for information issued by the IRS and the IRS's intentional delay in processing their applications.

73.     Plaintiffs Linchpins of Liberty and Patriots Educating Concerned Americans Now (PECAN), as of the date of filing of this Complaint, still await determinations on their applications for 501(c)(3) tax-exempt status, each of which has been pending in excess of 270 days.

74.     Plaintiffs Greenwich Tea Party Patriots of South Jersey, Inc., Greater Phoenix Tea Party Patriots, Unite in Action, Inc., Allen Area Patriots, Laurens County Tea Party, North East Tarrant

Tea Party, Inc., Myrtle Beach Tea Party, Inc., and Albuquerque Tea Party, Inc., as of the date of filing of this Complaint, still await determinations on their applications for 501(c)(4) tax-exempt status.

75.     On May 10, 2013, the IRS publicly acknowledged that it inappropriately and unjustifiably targeted conservative political groups for tax scrutiny during the 2012 election cycle.

76.     Defendant Lerner publicly acknowledged the IRS's discriminatory treatment of the Tea Party organizations, expressly admitting, on behalf of the IRS, that the applications of groups whose names included "Tea Party" or "Patriot" were singled out and subjected to additional IRS scrutiny.

77.     The extensive delay in processing their applications for tax-exempt status has cost Plaintiffs significant time and money that they could have been using to further their exempt purposes.

78.     Defendants' unconstitutional treatment of Plaintiffs based on their names and political viewpoints, and Defendants' conduct in issuing unconstitutional requests for information from Plaintiffs, has substantially and materially interfered with Plaintiffs' abilities to engage in effective advocacy and other expressive activities.

79.     Defendants' unconstitutional discrimination against Plaintiffs, and the resulting delay in processing their applications for tax-exempt status, also prohibited Plaintiffs from being eligible during the period of delay for receipt of various tax-exempt status benefits, including but not limited to state tax exemption.

80.     The conduct of Defendants complained of herein has had a chilling effect on the willingness of potential donors and grantors to provide donations and grants to Plaintiffs.

81.     Defendants knew or should have known that their conduct, as described herein, would violate the federal constitutional and statutory rights of Plaintiffs.

<u>CAUSES OF ACTION</u>

COUNT I

(Violations of the First Amendment – Freedom of Speech – *Bivens* Action)

*By All Plaintiffs Against Defendants Miller, Lerner, Paz and the Unknown Named IRS Officials*
*In Their Individual Capacities While Acting Under Color of Federal Authority*

82.     The allegations of Paragraphs 1 through 81 above are incorporated by reference herein as if fully set out.

83.     The First Amendment protects private speech from government interference or restriction when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.

84.     Plaintiffs' conservative political speech enjoys First Amendment protection.

85.     The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

86.     Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials unlawfully deprived Plaintiffs of their First Amendment rights in connection with and arising from their applications for tax-exempt status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein, delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' political positions, and failing to prevent such conduct by other IRS employees under their direct supervision and control while fully aware of such unconstitutional misconduct.

87.     Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials engaged in impermissible viewpoint-based discrimination in violation of established First Amendment principles, while acting under color of federal authority in their respective official IRS positions.

88.     Defendants' conduct directly infringed upon Plaintiffs' speech by inhibiting their ability to engage in effective advocacy and other expressive activities.

89.     Defendants' conduct constitutes retaliation against Plaintiffs on the basis of the actual or perceived viewpoint of their protected political speech.

90.     Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

91.     Plaintiffs have no other adequate monetary remedy in a court for Defendants' violations of their constitutional rights as complained of herein.

COUNT II
(Violations of the First Amendment – Freedom of Association – *Bivens* Action)

*By All Plaintiffs Against Defendants Miller, Lerner, Paz and the Unknown Named IRS Officials*
*In Their Individual Capacities While Acting Under Color of Federal Authority*

92.     The allegations of Paragraphs 1 through 81 above are incorporated by reference herein as if fully set out.

93.     The First Amendment to the United States Constitution protects Plaintiffs' right to freely associate with others of their choosing for the purposes of engaging in protected speech or religious activities.

94.     The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

95.     Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials unlawfully deprived Plaintiffs of their First Amendment rights in connection with and arising from their applications for tax-exempt status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein,

delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' political positions, and failing to prevent such conduct by other IRS employees under their direct supervision and control while fully aware of such unconstitutional misconduct.

96.     Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, while acting under color of federal authority in their respective official IRS positions, infringed upon Plaintiffs' ability to freely associate for protected speech purposes with others of their choosing, including potential donors and grantors.

97.     Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

98.     Plaintiffs have no other adequate monetary remedy in a court for Defendants' violations of their constitutional rights as complained of herein.

COUNT III
(Violations of the Fifth Amendment – Equal Protection under the Due Process Clause – *Bivens* Action)

*By All Plaintiffs Against Defendants Miller, Lerner, Paz and the Unknown Named IRS Officials In Their Individual Capacities While Acting Under Color of Federal Authority*

99.     The allegations of Paragraphs 1 through 81 above are incorporated by reference herein as if fully set out.

100.    The Fifth Amendment to the United States Constitution protects persons against the deprivation of life, liberty, or property without due process of the law and forbids the federal government from denying the equal protection of the laws.

101.    The Fifth Amendment to the United States Constitution guarantees persons the right to be free from illegal discrimination and selective prosecution.

102.    The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

103.    Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials unlawfully deprived Plaintiffs of their Fifth Amendment rights in connection with and arising from their applications for tax-exempt status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein, delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' political positions, and failing to prevent such conduct by other IRS employees under their direct supervision and control while fully aware of such unconstitutional misconduct

104.    Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, while acting under color of federal authority in their respective official IRS positions, caused Plaintiffs to be treated differently than other similarly situated organizations seeking tax-exempt status.

105.    The disparate treatment of Plaintiffs based on their conservative political viewpoint was a result of a discriminatory purpose on the part of Defendants.

106.    Defendants' disparate treatment of Plaintiffs based on their conservative political viewpoint is not rationally related to any legitimate governmental interest.

107.    Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

108.    Plaintiffs have no other adequate monetary remedy in a court for Defendants' violations of their constitutional rights as complained of herein.

COUNT IV
(Violations of the Administrative Procedure Act)

*By All Plaintiffs Against All Defendants in an Official Capacity*

109.    The allegations of Paragraphs 1 through 81 above are incorporated by reference herein as if fully set out.

110.    The Administrative Procedure Act (APA) provides a cause of action for persons aggrieved by final actions of an agency of the United States, or officers thereof while acting in an official capacity, that have been unlawfully withheld or unreasonably delayed, as well as agency actions, findings, and conclusions that are contrary to constitutional right, power, privilege or immunity.

111.    The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702 in actions seeking relief other than money damages and stating a claim that an agency of the United States and/or officers thereof acted or failed to act in an official capacity.

112.    The Internal Revenue Service is an agency of the United States for purposes of the APA.

113.    The Department of Treasury is an agency of the United States for purposes of the APA.

114.    Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, at all times relevant herein, were officers of an agency of the United States for purposes of the APA.

115.    Defendants' unlawful conduct of targeting and singling out Plaintiffs' applications for tax-exempt status for heightened scrutiny and issuing the unconstitutional and overly intrusive requests for information described herein unreasonably delayed the IRS's final determinations of Plaintiffs' tax-exempt status.

116.    Defendants' unlawful conduct of implementing the policy and practice of targeting and singling out Plaintiffs' applications for tax-exempt status for heightened scrutiny and Defendants' actions in issuing to Plaintiffs the unconstitutional and overly intrusive requests for information described herein, based solely on Plaintiffs' political viewpoints, constitute agency actions that are

contrary to Plaintiffs' federal constitutional rights to freedom of speech and freedom of association under the First Amendment and the equal protection of the laws under the Fifth Amendment.

117.    Defendants' demand that Plaintiffs respond to irrelevant, unconstitutional and overly intrusive requests for information described herein violates Defendants' authority under Internal Revenue Manual § 7.20.2.4.1, which requires that "requests for additional information" must be "relevant to the paragraph of section 501(c) appropriate to the applicant."

118.     Plaintiffs have no other adequate remedy in a court for the government's violations of their constitutional rights as complained of herein.

COUNT V
(Violations of the Internal Revenue Code – 26 U.S.C. § 7428)

*By Plaintiffs Still Awaiting Determination of 501(c)(3) Tax-Exempt Status Against Defendants
United States and the Secretary of the Treasury in an Official Capacity*

119.    The allegations of Paragraphs 1 through 81 above are incorporated by reference herein as if fully set out.

120.    26 U.S.C. § 7428 creates a cause of action for organizations whose applications for a determination with respect to qualification for tax-exempt status under 26 U.S.C. § 501(c)(3) have not been acted upon within 270 days of the organization's request for such determination.

121.    26 U.S.C. § 7428 authorizes this Court to issue a declaratory judgment regarding the initial qualification of an organization as an organization described in Section 501(c)(3) of the Internal Revenue Code.

122.    The United States has waived its sovereign immunity, pursuant to 26 U.S.C. § 7428, for suits seeking a declaratory judgment regarding a determination of whether an organization is tax-exempt under 26 U.S.C. § 501(c)(3).

123.    Plaintiffs Linchpins of Liberty and Patriots Educating Concerned Americans Now (PECAN) have exhausted their administrative remedies and have taken all required steps to secure a tax exemption determination by completing and submitting all necessary documentation, including Form 1023, and have complied with all reasonable and lawful requests for information by the IRS.

124.    These Plaintiffs, through no fault of their own, and as a direct result of the intentional delay by Defendants Lew and Miller, acting in their official capacities, are still awaiting a determination regarding their qualification for tax exemption under Section 501(c)(3) more than 270 days from the dates of submission of their applications.

COUNT VI
(Violations of the Internal Revenue Code - 26 U.S.C. § 6103)

*By Plaintiffs Who Produced Return Information to the IRS Against Defendants*
*United States and the IRS*

125.    The allegations of Paragraphs 1 through 81 above are incorporated by reference herein as if fully set out.

126.    26 U.S.C. § 6103 provides that "[r]eturns and return information shall be confidential" and may be inspected and/or disclosed only as specifically authorized under Section 6103.

127.    26 U.S.C. § 7431 creates a cause of action for any taxpayer whose tax return information is knowingly or by reason of negligence inspected or disclosed by an officer or employee of the United States in violation of any provision of 26 U.S.C. § 6103.

128.    The United States has waived its sovereign immunity, pursuant to 26 U.S.C. § 7431, for suits alleging a knowing or negligent violation of 26 U.S.C. § 6103 by an officer or employee of the United States.

129.    The information sought by the IRS's unconstitutional requests for additional information and produced to the IRS by Plaintiffs qualifies as "return information," under 26 U.S.C. § 6103(b)(2).

130.    26 U.S.C. § 6103(h) authorizes disclosure of return information only to such officers and employees of the Department of the Treasury "whose official duties require such inspection or disclosure for tax administration purposes."

131.    The IRS issued its requests to Plaintiffs for additional information in furtherance of its unconstitutional and discriminatory policy targeting Plaintiffs based on their actual or perceived political viewpoints.

132.    The IRS officials and employees who inspected and/or disclosed the return information produced by Plaintiffs in response to the IRS's unconstitutional and discriminatory requests for additional information knew or should have known that such inspection and/or disclosure was not authorized by Section 6103.

133.    Each inspection and disclosure by any employee or officer of the IRS of the return information produced by Plaintiffs in response to the IRS's unconstitutional and discriminatory requests for additional information constitutes a separate violation of Section 6103(h), as such inspections and disclosures were not "for tax administration purposes."

134.    Each inspection by IRS officials and employees of the return information produced by Plaintiffs in response to the IRS's unconstitutional and discriminatory requests for additional information was done knowingly, or at a minimum as a result of negligence.

135.    26 U.S.C. § 7431 authorizes an award of damages in the amount of the greater of $1,000 or the actual damages sustained by a plaintiff for each act of unauthorized inspection or disclosure in violation of 26 U.S.C. § 6103 for which the United States is found liable.

<u>PRAYER FOR RELIEF</u>

136.    WHEREFORE Plaintiffs demand judgment against Defendants and in favor of Plaintiffs as follows:

A.      Under Count One, that this Court declare that the conduct of Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, while acting under color of federal authority, violated the constitutional rights of Plaintiffs and award Plaintiffs compensatory and punitive damages in an amount to be proved at trial against Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials for their violations of Plaintiffs' constitutional rights committed while acting under color of federal authority;

B.      Under Count Two, that this Court declare that the conduct of Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, while acting under color of federal authority, violated the constitutional rights of Plaintiffs and award Plaintiffs compensatory and punitive damages in an amount to be proved at trial against Defendants Miller, Lerner, Paz, and Unknown Named IRS Officials for their violations of Plaintiffs' constitutional rights committed while acting under color of federal authority;

C.      Under Count Three, that this Court declare that the conduct of Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials, while acting under color of federal authority, violated the constitutional rights of Plaintiffs and award Plaintiffs compensatory and punitive damages in an amount to be proved at trial against Defendants Miller, Lerner, Paz, and the Unknown Named IRS Officials for their violations of Plaintiffs' constitutional rights committed while acting under color of federal authority;

D.      Under Count Four, that this Court:

(i)      declare that the conduct of all Defendants, as agencies of the United States and/or officials thereof acting in an official capacity, violated the Administrative Procedure Act;

(ii)      issue a permanent injunction prohibiting all Defendants, and all those in active concert with them, from unlawfully targeting Plaintiffs, including their officers, directors, and

27

members, for disparate treatment and particular scrutiny based on the unconstitutional criteria of political viewpoint or association; and

(iii)    issue a mandatory injunction compelling Defendant Secretary of the Treasury to immediately issue a determination that Plaintiffs Greenwich Tea Party Patriots of South Jersey, Inc., Greater Phoenix Tea Party Patriots, Unite in Action, Inc., Allen Area Patriots, Laurens County Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., and Albuquerque Tea Party, Inc., qualify, pursuant to 26 U.S.C. § 501(c)(4), for exemption from taxation;

E.    Under Count Five, that this Court declare that Plaintiffs Linchpins of Liberty and Patriots Educating Concerned Americans Now qualify, pursuant to 26 U.S.C. § 501(c)(3), as organizations that are tax-exempt;

F.    Under Count Six, that this Court award Plaintiffs Linchpins of Liberty, PECAN, Greenwich Tea Party Patriots of South Jersey, Inc., Greater Phoenix Tea Party Patriots, Unite in Action, Inc., Allen Area Patriots, Laurens County Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Albuquerque Tea Party, Inc., Shelby County Liberty Group, Manassas Tea Party, The Honolulu Tea Party, Waco Tea Party, Kentucky 9/12 Project, Inc., Chattanooga Tea Party, and American Patriots Against Government Excess damages in an amount to be proved at trial for each unauthorized inspection of Plaintiffs' return information in violation of 26 U.S.C. § 6103, or in the amount of $1,000 per such violation, whichever is greater;

G.    Award Plaintiffs their reasonable attorney's fees, costs and expenses associated with this action pursuant to 28 U.S.C. § 2812 and 26 U.S.C. § 7431; and

H.    Award Plaintiffs such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

137.   Plaintiffs demand trial by jury on all claims and issues so triable.


DATED: May 29, 2013.

<div style="margin-left:40%">

/s/ Jay Alan Sekulow
Jay Alan Sekulow, *Counsel of Record*
(D.C. Bar No. 496335)
Stuart J. Roth (D.C. Bar No. 475937)
Andrew J. Ekonomou*
Jordan A. Sekulow (D.C. Bar No. 991680)
David A. French*
Abigail A. Southerland*
Carly F. Gammill (D.C. Bar No. 982663)*
Miles Terry (D.C. Bar No. 1011546)*
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
Tel. (202) 546-8890
Tel. (202) 546-8890
Fax (202) 546-9309
sekulow@aclj.org

*Counsel for Plaintiffs*

*Motions for *pro hac vice* admission pending

</div>