**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINCHPINS OF LIBERTY,<br>138 Cliffe Run<br>Franklin, TN 37067 | ) ) ) ) | |
| PATRIOTS EDUCATING CONCERNED<br>AMERICANS NOW,<br>14421 Old Oregon Trail, Suite B<br>Redding, CA 96003 | ) ) ) ) ) | |
| GREENWICH TEA PARTY PATRIOTS<br>OF SOUTH JERSEY, LLC,<br>59 Cemetery Road<br>Woodstown, NJ 08098 | ) ) ) ) ) | |
| GREATER PHOENIX TEA PARTY,<br>398 S. Palm Ln.<br>Chandler, AZ 85225 | ) ) ) ) | Civil Action No. 1:13-cv-00777-RBW<br><br>**JURY TRIAL DEMANDED** |
| UNITE IN ACTION, INC.,<br>37637 Five Mile Rd.<br>Livonia, MI 48154 | ) ) ) ) | |
| ALLEN AREA PATRIOTS,<br>11 Glenbrook Cir.<br>Lucas, TX 75002 | ) ) ) ) | |
| LAURENS CO. TEA PARTY,<br>530 W. Main St.<br>Laurens, SC 29360 | ) ) ) ) | |
| NORTH EAST TARRANT TEA PARTY,<br>INC.,<br>2408 Texas Dr., Suite 100<br>Irving, TX 75062 | ) ) ) ) ) | |
| MYRTLE BEACH TEA PARTY, INC.,<br>1706 27th Avenue North<br>North Myrtle Beach, SC 29582 | ) ) ) ) | |
| ALBUQUERQUE TEA PARTY, INC.,<br>1709 Indiana St. NE<br>Albuquerque, NM 87110 | ) ) ) ) ) | |

COLORADO 9-12 PROJECT,                )
888 Federal Blvd.                     )
Denver, CO 80204                      )
                                      )
SAN ANTONIO TEA PARTY, INC.,          )
16109 University Oak                  )
San Antonio, TX 78249                 )
                                      )
WETUMPKA TEA PARTY, INC.,             )
50 Country Club Dr.                   )
Wetumpka, AL 36092                    )
                                      )
OKC PIA ASSOCIATION,                  )
18513 Southeast 42nd St.              )
Newalla, OK 74857                     )
                                      )
RICHMOND TEA PARTY, INC.,             )
9840 Midlothian Turnpike, Suite W     )
Richmond, VA 23235                    )
                                      )
HAWAII TEA PARTY, D/B/A TEA           )
PARTY MAUI                            )
415 Dairy Rd., Suite E-329            )
Kahului, HI 96732                     )
                                      )
SHELBY COUNTY LIBERTY,                )
12991 Miami Shelby Road               )
Sidney, OH 45365                      )
                                      )
MANASSAS TEA PARTY,                   )
8706 Jackson Ave.                     )
Manassas, VA 20110                    )
                                      )
THE HONOLULU TEA PARTY,               )
1163 Ka'eleku St.                     )
Honolulu, HI 96825                    )
                                      )
WACO TEA PARTY,                       )
10113 B Cordoba Court                 )
Waco, TX 76708                        )
                                      )
KENTUCKY 9/12 PROJECT, INC.,          )
1130 Old Oxford                       )
Georgetown, KY 40324                  )
                                      )
SAN FERNANDO VALLEY                   )

PATRIOTS, INC.,                              )
6345 Balboa Blvd., #212                      )
Encino, CA 91316                             )
                                             )
PORTAGE COUNTY TEA PARTY, INC.,              )
4682 State Route 43                          )
Kent, OH 44240                               )
                                             )
CHATTANOOGA TEA PARTY,                       )
2315 Heavenly View Drive                     )
Ooltewah, TN 37363                           )
                                             )
THE COMMON SENSE CAMPAIGN                    )
CORP.,                                       )
3904 Camellia Drive                          )
Mobile, AL 36693                             )
                                             )
LIBERTY TOWNSHIP TEA PARTY, INC.,            )
7068 Tarragon Court                          )
Liberty Township, OH 45011-9344              )
                                             )
EAST JERSEY TEA PARTY,                       )
918 High Street                              )
Jackson, NJ 08527                            )
                                             )
ARLINGTON TEA PARTY, INC.,                   )
1221B Nathan Lowe Road                       )
Arlington, TX 76017                          )
                                             )
AMEN,                                        )
3711 W. 21st Street                          )
Yuma, AZ 85364                               )
                                             )
ROCHESTER TEA PARTY PATRIOTS,                )
4324 8th Street NW                           )
Rochester, MN 55901                          )
                                             )
ROANE COUNTY TEA PARTY,                      )
195 Speers Rd.                               )
Kingston, TN 37763-4024                      )
                                             )
PROTECTING AMERICAN VALUES,                  )
INC.,                                        )
15141 Haynes St.                             )
Van Nuys, CA 91411                           )
                                             )

TRI-CITIES TEA PARTY,                          )
1409 S. Underwood St.                          )
Kennewick, WA 99337                            )
                                               )
MISSISSIPPI TEA PARTY, INC.,                   )
17 Sandway Drive                               )
Brandon, MS 39042                              )
                                               )
SHENANDOAH VALLEY TEA PARTY                     )
PATRIOTS,                                       )
70 Windsor Drive                               )
Fishersville, VA 22939                         )
                                               )
FIRST COAST TEA PARTY, INC.,                    )
11437 Central Parkway #107                      )
Jacksonville, FL 32224                          )
                                               )
OREGON CAPITOL WATCH                            )
FOUNDATION,                                     )
181 N. Grant Street, Suite 212                  )
Canby, OR 97013                                )
                                               )
FIRST STATE PATRIOTS, INC.,                     )
5 Caponi Circle                                 )
Middletown, DE 19709                            )
                                               )
ACADIANA PATRIOTS,                              )
203 Grand Prairie Dr.                           )
Lafayette, LA 70506                            )
                                               )
MID-SOUTH TEA PARTY,                            )
1009 Boones Hollow Drive                        )
Cordova, TN 38018                              )
                                               )
              and                               )
                                               )
AMERICAN PATRIOTS AGAINST                       )
GOVERNMENT EXCESS,                              )
2951 E. State St.                               )
Fremont, OH 43420-9283                          )
                                               )
              Plaintiffs,                       )
                                               )
              -vs-                              )
                                               )
                                               )

4

UNITED STATES OF AMERICA,                         )
Eric H. Holder                                    )
Attorney General of the United States             )
Department of Justice                             )
Room B-103                                        )
950 Pennsylvania Avenue, NW                       )
Washington, DC 20530                              )
                                                  )
INTERNAL REVENUE SERVICE,                         )
1111 Constitution Avenue, NW                      )
Washington, DC 20004                              )
                                                  )
JACOB LEW, in his official capacity as            )
SECRETARY OF THE UNITED STATES                    )
DEPARTMENT OF THE TREASURY,                       )
1500 Pennsylvania Avenue, NW                      )
Washington, DC 20220                              )
                                                  )
DANIEL WERFEL, in his official capacity           )
as Acting Commissioner,                           )
INTERNAL REVENUE SERVICE,                         )
1111 Constitution Avenue, NW                      )
Washington, DC 20004                              )
                                                  )
STEVEN MILLER, in his official and                )
individual capacities as Deputy                   )
Commissioner, Services & Enforcement,             )
and Acting Commissioner,                          )
INTERNAL REVENUE SERVICE,                         )
1111 Constitution Avenue, NW                      )
Washington, DC 20004                              )
                                                  )
5006 Elsmere Pl.                                  )
Bethesda, MD 20814                                )
                                                  )
LOIS G. LERNER, in her official and               )
individual capacities as Director, Exempt         )
Organizations Division,                           )
INTERNAL REVENUE SERVICE,                         )
1111 Constitution Avenue, NW                      )
Washington, DC 20004                              )
                                                  )
6610 Fernwood Court                               )
Bethesda, MD 20817                                )
                                                  )
HOLLY PAZ, in her official and individual         )

5

capacities, as Acting Manager, EO          )
Technical Unit, Acting Director,            )
Office of Rulings & Agreements, and         )
Director, Office of Rulings & Agreements,   )
INTERNAL REVENUE SERVICE,                   )
1111 Constitution Avenue, NW                )
Washington, DC 20004                        )
                                            )
5703 Northfield Rd.                         )
Bethesda, MD 20817                          )
                                            )
STEVEN GRODNITZKY, in his official and      )
individual capacities, as Manager, EO       )
Technical Unit,                             )
INTERNAL REVENUE SERVICE,                   )
1111 Constitution Avenue, NW                )
Washington, DC 20004                        )
                                            )
916 6th Street, NE                          )
Washington, DC 20002                        )
                                            )
DAVID FISH, in his official and individual  )
capacities, as Acting Director, Office      )
of Rulings & Agreements,                    )
INTERNAL REVENUE SERVICE,                   )
1111 Constitution Avenue, NW                )
Washington, DC 20004                        )
                                            )
3623 37th St. N                             )
Arlington, VA 22207                         )
                                            )
CARTER HULL, in his official and            )
individual capacities, as Tax Law           )
Specialist, Exempt Organizations,           )
INTERNAL REVENUE SERVICE,                   )
1111 Constitution Avenue, NW                )
Washington, DC 20004                        )
                                            )
10802 Huntley Pl.                           )
Silver Spring, MD 20902                     )
                                            )
            and                             )
                                            )
UNKNOWN NAMED OFFICIALS OF                  )
THE INTERNAL REVENUE SERVICE, in            )
their official and individual capacities,   )

1111 Constitution Avenue, NW    )
Washington, DC 20004         )
                                      )
_____Defendants._____)

## FIRST AMENDED COMPLAINT

Plaintiffs, by undersigned counsel, herein state their First Amended Complaint and Causes of Action against the United States of America; the Internal Revenue Service (IRS); Jacob Lew, in his official capacity as Secretary of the United States Department of the Treasury; Daniel Werfel, in his official capacity as Acting Commissioner, IRS; Stephen Miller, individually and in his official capacity as Deputy Commissioner, Services & Enforcement and Acting Commissioner of the IRS; Lois G. Lerner, individually and in her official capacity as Director of the Exempt Organizations (EO) Division of the IRS; Holly Paz, individually and in her official capacity as Acting Manager of the EO Technical Unit, Acting Director of the Office of Rulings & Agreements, and Director of the Office of Rulings & Agreements; Steven Grodnitzky, individually and in his official capacity as Manager, EO Technical Unit; David Fish, individually and in his official capacity as Acting Director of the EO Office of Rulings & Agreements; Carter Hull, individually and in his official capacity as EO Tax Law Specialist; and Unknown Named Officials of the IRS (Unknown Named IRS Officials), individually and in their official capacities:

## INTRODUCTION

1.  On May 10, 2013, Defendant Lois Lerner apologized at an American Bar Association speech for a pattern of misconduct whereby the IRS intentionally and systematically targeted conservative organizations applying for tax-exemption for additional and unconstitutional scrutiny.

2.  Under the IRS scheme – more fully outlined below – IRS officials working in offices from California to Washington, DC, pulled applications from conservative organizations, delayed

processing those applications for sometimes well over a year, then made probing and unconstitutional requests for additional information that often required applicants to disclose, among other things, donor lists, direct and indirect communications with members of legislative bodies, Internet passwords and usernames, copies of social media and other Internet postings, and even the political and charitable activities of family members.

3.      The IRS scheme had a dramatic impact on targeted groups, causing many to curtail lawful activities, expend considerable unnecessary funds, lose donor support, and devote countless hours of time to responding to onerous and targeted IRS information requests that were outside the scope of legitimate inquiry.

4.      Unlawful IRS targeting, despite public apologies, is ongoing. Multiple conservative organizations still have not received final determinations on their applications, are still receiving intrusive requests for information, and are still suffering financial harm.

5.      This lawsuit seeks damages, declaratory, and injunctive relief sufficient to finally halt IRS targeting, compensate targeted groups for the damages caused by the intentional unlawful actions of named defendants, and strike down unconstitutional regulations that empowered the IRS's unlawful acts.

<u>JURISDICTION AND VENUE</u>

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201, 28 U.S.C. § 1346(e), and 5 U.S.C. § 702.

7.      The United States has waived its sovereign immunity in this action pursuant to 5 U.S.C. § 702, 26 U.S.C. § 7428, and 26 U.S.C. § 7431.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)  since Defendants reside and/or perform their official duties in the District of Columbia, and a substantial part of the events and

omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. Venue is also proper in this Court pursuant to 26 U.S.C. § 7428(a), since this action seeks a declaratory judgment regarding initial qualification of an organization for exemption from taxation pursuant to 26 U.S.C. § 501(c)(3).

<u>PARTIES</u>

<u>THE PLAINTIFFS</u>

*<u>Plaintiffs Still Awaiting Determination of 501(c)(3) Tax-Exempt Status</u>*

9.      Linchpins of Liberty is a not-for-profit Tennessee corporation seeking 501(c)(3) tax-exempt status from the IRS.

10.     Patriots Educating Concerned Americans Now (PECAN) is a not-for-profit California organization seeking 501(c)(3) tax-exempt status from the IRS.

11.     Liberty Township Tea Party, Inc., is a not-for-profit Ohio corporation seeking 501(c)(3) tax-exempt status from the IRS.

12.     AMEN (Abortion Must End Now) is a not-for-profit Arizona corporation seeking 501(c)(3) tax-exempt status from the IRS.

13.     Oregon Capitol Watch Foundation is a not-for-profit Oregon corporation seeking 501(c)(3) tax-exempt status from the IRS.

14.     First State Patriots, Inc., is a not-for-profit Delaware corporation seeking 501(c)(3) tax-exempt status from the IRS.

*<u>Plaintiffs Still Awaiting Determination of 501(c)(4) Tax-Exempt Status</u>*

15.     Greenwich Tea Party Patriots of South Jersey, LLC, is a not-for-profit New Jersey corporation seeking 501(c)(4) tax-exempt status from the IRS.

16.     Greater Phoenix Tea Party is a not-for-profit Arizona corporation seeking 501(c)(4) tax-exempt status from the IRS.

17.     Unite in Action, Inc., is a not-for-profit Florida corporation seeking 501(c)(4) tax-exempt status from the IRS.

18.     Allen Area Patriots is a not-for-profit Texas corporation seeking 501(c)(4) tax-exempt status from the IRS.

19.     Laurens Co. Tea Party is a not-for-profit South Carolina corporation seeking 501(c)(4) tax-exempt status from the IRS.

20.     North East Tarrant Tea Party, Inc., is a not-for-profit Texas corporation seeking 501(c)(4) tax-exempt status from the IRS.

21.     Myrtle Beach Tea Party, Inc., is a not-for-profit South Carolina corporation seeking 501(c)(4) tax-exempt status from the IRS.

22.     Albuquerque Tea Party, Inc., is a not-for-profit New Mexico corporation seeking 501(c)(4) tax-exempt status from the IRS.

23.     East Jersey Tea Party is a not-for-profit New Jersey corporation seeking 501(c)(4) tax-exempt status from the IRS.

24.     Arlington Tea Party, Inc., is a not-for-profit Texas corporation seeking 501(c)(4) tax-exempt status from the IRS.

25.     Acadiana Patriots is a not-for-profit Louisiana corporation seeking 501(c)(4) tax-exempt status from the IRS.[1]

---

[1] Exhibit 3, attached hereto and incorporated herein by reference, contains the Forms 1023 and 1024 submitted by the seventeen (17) Plaintiffs still awaiting approval of their applications for tax-exempt status.

*Plaintiffs Receiving Tax-Exempt Status Following Significant IRS Delay*

26.    Colorado 9-12 Project is a not-for-profit Colorado corporation with 501(c)(4) tax-exempt status.

27.    San Antonio Tea Party, Inc., is a not-for-profit Texas organization with 501(c)(4) tax-exempt status.

28.    Wetumpka Tea Party, Inc., is a not-for-profit Alabama corporation with 501(c)(4) tax-exempt status.

29.    OKC PIA Association is a not-for-profit Oklahoma corporation with 501(c)(4) tax-exempt status.

30.    Richmond Tea Party, Inc., is a not-for-profit Virginia corporation with 501(c)(4) tax-exempt status.

31.    Hawaii Tea Party is a not-for-profit Hawaii corporation with 501(c)(4) tax-exempt status.

32.    Shelby County Liberty is a not-for-profit Ohio corporation with 501(c)(4) tax-exempt status.

33.    Manassas Tea Party is a not-for-profit Virginia organization with 501(c)(4) tax-exempt status.

34.    The Honolulu Tea Party is a not-for-profit Hawaii corporation with 501(c)(4) tax-exempt status.

35.    Waco Tea Party is a not-for-profit Texas corporation with 501(c)(4) tax-exempt status.

36.    Kentucky 9/12 Project, Inc., is a not-for-profit Kentucky corporation with 501(c)(4) tax-exempt status.

37.    Chattanooga Tea Party is a not-for-profit Tennessee corporation with 501(c)(4) tax-exempt status.

38.     American Patriots Against Government Excess is a not-for-profit Ohio corporation with 501(c)(4) tax-exempt status.

39.     Rochester Tea Party Patriots is a not-for-profit Minnesota corporation that initially sought 501(c)(3) tax-exempt status, was instructed by the IRS to apply for 501(c)(4) status, and ultimately obtained 501(c)(4) tax-exempt status.

40.     Roane County Tea Party is a not-for-profit Tennessee corporation that obtained 501(c)(4) tax-exempt status following significant IRS delay but subsequently had its status revoked.

41.     Protecting American Values, Inc., is a not-for-profit California corporation with 501(c)(3) tax-exempt status.

42.     Shenandoah Valley Tea Party Patriots is a not-for-profit Virginia corporation with 501(c)(4) tax-exempt status.

43.     First Coast Tea Party, Inc., is a not-for-profit Florida corporation with 501(c)(4) tax-exempt status.

44.     Mid-South Tea Party is a not-for-profit Tennessee corporation with 501(c)(4) tax-exempt status.

*Plaintiffs Choosing Not to Pursue Tax-Exempt Status Due to Unlawful IRS Conduct*

45.     San Fernando Valley Patriots, Inc., is a not-for-profit California corporation that sought 501(c)(4) tax-exempt status from the IRS but withdrew its application due to Defendants' significant delay in issuing a tax-exempt determination and Defendants' unconstitutional requests for additional information.

46.     Portage County Tea Party, Inc., is a not-for-profit Ohio corporation that sought 501(c)(4) tax-exempt status from the IRS but withdrew its application due to Defendants' significant delay

in issuing a tax-exempt determination and Defendants' unconstitutional requests for additional information.

47.     The Common Sense Campaign Corp. is a not-for-profit Alabama corporation that sought 501(c)(4) tax-exempt status from the IRS but ultimately had its application file closed by the IRS because of its unwillingness to provide information responsive to Defendants' unconstitutional requests for additional information.

48.     Tri-Cities Tea Party is a not-for-profit Washington corporation that sought 501(c)(4) tax-exempt status from the IRS but withdrew its application due to Defendants' significant delay in issuing a tax-exempt determination and Defendants' unconstitutional requests for additional information.

49.     Mississippi Tea Party, Inc., is a not-for-profit Mississippi corporation that sought 501(c)(4) tax-exempt status from the IRS but withdrew its application due to Defendants' significant delay in issuing a tax-exempt determination and Defendants' unconstitutional requests for additional information.

<u>THE DEFENDANTS</u>

50.     The United States of America is a proper defendant pursuant to 5 U.S.C. § 702, 26 U.S.C. § 7431(a), and 28 U.S.C. § 1346(e).

51.     Defendant Internal Revenue Service is an agency of the United States that is responsible for administration and enforcement of provisions of the Internal Revenue Code, as well as all other IRS rules, regulations, policies, procedures, and practices.

52.     Defendant Jacob Lew is Secretary of the United States Department of the Treasury, an agency of the United States that is responsible for administration and enforcement of provisions of

the Internal Revenue Code, as well as all other IRS rules, regulations, policies, procedures, and practices. Defendant Lew is named as a party only in his official capacity.

53.     Defendant Daniel Werfel is Acting Commissioner of the Internal Revenue Service, an agency of the United States that is responsible for administration and enforcement of provisions of the Internal Revenue Code, as well as all other IRS rules, regulations, policies, procedures, and practices. Defendant Werfel is named as a party only in his official capacity.

54.     Defendant Steven Miller is a former Acting Commissioner of the Internal Revenue Service. His current position with the government is unknown to Plaintiffs. During the relevant time period, Defendant Miller served as either Acting Commissioner of the IRS or Deputy Commissioner for Services and Enforcement, and was, at all times relevant herein, responsible for the administration and enforcement of the provisions of the Internal Revenue Code as well as all other IRS rules, regulations, policies, procedures, and practices. Defendant Miller is sued in his official capacity and in his individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

55.     Defendant Lois G. Lerner was at all times relevant herein the Director of the Exempt Organizations (EO) Division of the Internal Revenue Service and responsible for the administration and enforcement of all rules, policies, procedures, and practices of the EO Division. Defendant Lerner is sued in her official capacity and in her individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

56.     Defendant Holly Paz is the former Director, EO Office of Rulings and Agreements, of the IRS. Her current position with the government is unknown to Plaintiffs. During the relevant time period, Ms. Paz served as Director, Rulings and Agreements, Acting Manager, EO Technical Unit, or Acting Director, Office of Rulings and Agreements. In her various positions, Ms. Paz was

responsible for the processing of determinations regarding applications for tax-exempt status, including providing guidance and oversight to other IRS officers and employees involved in such processing. Defendant Paz is sued in her official capacity and in her individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

57.     Defendant Steven Grodnitzky is a Manager, EO Technical Unit, of the IRS. During the relevant time period, in this capacity, Mr. Grodnitzky was responsible for overseeing the processing of determinations regarding applications for tax-exempt status, including providing guidance and oversight to other IRS officers and employees involved in such processing. Defendant Grodnitzky is sued in his official capacity and in his individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

58.     Defendant David Fish is a former Acting Director, EO Office of Rulings and Agreements, of the IRS. His current position with the government is unknown to Plaintiffs. During the relevant time period, in this capacity, Mr. Fish was responsible for the processing of determinations regarding applications for tax-exempt status, including providing guidance and oversight to other IRS officers and employees involved in such processing. Defendant Fish is sued in his official capacity and in his individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

59.     Defendant Carter Hull is a Tax Law Specialist in the IRS EO office. During the relevant time period, in this capacity, Mr. Hull was responsible for, among other things, overseeing and directing other IRS employees in the processing of applications for tax-exemption. Defendant Hull is sued in his official capacity and in his individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

60.     The Unknown Named IRS Officials are unidentified individual officials within the Internal Revenue Service who are responsible for administration and enforcement of all rules, policies, and practices of their respective divisions of the IRS. Each Unknown Named Defendant is sued in his or her official capacity and in his or her individual capacity for acts and omissions that occurred in connection with duties performed on behalf of the United States.

FACTUAL ALLEGATIONS

61.     Plaintiffs are all organizations that applied for 501(c)(3) or 501(c)(4) tax-exempt status with the IRS between 2009 and 2012.

62.     Each Plaintiff submitted to the IRS all requisite documentation and information in order for the IRS to determine whether to approve or deny that Plaintiff's application for tax-exempt status. Each Plaintiff complied in a timely manner with all reasonable requests for information from the IRS. *See* Ex. 2.[2]

63.     After filing their initial applications, all Plaintiffs received letters from the IRS requesting additional information that the IRS claimed was necessary in order to reach a determination of their applications for tax-exemption. *See* Ex. 2.

64.     The IRS issued the foregoing letter requests to Plaintiffs based on Plaintiffs' viewpoints (or Defendants' perception of such viewpoints based on Plaintiffs' names), and not based on the applicable criteria set forth in tax-exempt laws or Treasury Regulations.

65.     All of the Plaintiffs have names that include one of the following terms—"Tea Party," "Patriots," "9/12," "Liberty," or "American Values"—or provide an indication as to the organization's conservative values and viewpoints.

---

[2] Exhibit 2, attached hereto and incorporated by reference herein, sets forth a timeline of events applicable to each individual Plaintiff's application for tax-exempt status.

66.     Plaintiffs Linchpins of Liberty, Liberty Township Tea Party, Inc., Greenwich Tea Party Patriots of South Jersey, LLC, Greater Phoenix Tea Party, Unite in Action, Inc., Allen Area Patriots, Laurens Co. Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Richmond Tea Party, Inc., Albuquerque Tea Party, Inc., East Jersey Tea Party, Hawaii Tea Party, Shelby County Liberty, Manassas Tea Party, The Honolulu Tea Party, Waco Tea Party, Kentucky 9/12 Project, Inc., Chattanooga Tea Party, American Patriots Against Government Excess, Tri-Cities Tea Party, Mississippi Tea Party, Inc., Shenandoah Valley Tea Party Patriots, First Coast Tea Party, Inc., Oregon Capitol Watch Foundation, Roane County Tea Party, First State Patriots, Inc., and Mid-South Tea Party all produced information in response to the foregoing letter requests.

67.     Upon information and belief, various employees and officials within the Department of the Treasury inspected and/or disclosed the information produced by the above-identified Plaintiffs in response to the IRS's requests for additional information, as set forth in Exhibit 2.

68.     On May 14, 2013, the Treasury Inspector General for Tax Administration (TIGTA) released the report of an IRS audit it initiated based on concerns expressed by Congress and the media about the targeting of certain conservative organizations seeking tax-exempt status. *See* Ex. 1 (TIGTA Report Ref. Number: 2013-10-053), at 3.

69.     TIGTA reported that the IRS, both before and during the 2012 election cycle, had engaged in the following:

(a)  targeting of tax-exempt applications for additional scrutiny and inquiry based on "inappropriate criteria"—including organizational names and policy positions;

(b)  significantly delaying the processing of these applications, keeping them open over twice the length of time typically required to process tax-exempt applications; and

(c)  requesting additional information from these applicants that was entirely unnecessary and irrelevant to the IRS's determination regarding the organizations' tax-exempt status.

*See* Ex. 1, at 5-20.

70.     At least as early as February 2010, the IRS began identifying applications for additional scrutiny (including the issuance of letter requests for additional information) from organizations seeking tax-exemption whose names included the terms "Tea Party," "Patriots," "9/12," or other conservative-sounding names, such as "We the People," or "Take Back the Country." *See* Ex. 1, at 5-6, 30.

71.     All applications from organizations whose names included the terms "Tea Party," "Patriots," or "9/12" were discriminatorily singled out for additional scrutiny by the IRS. *See* Ex. 1, at 8.

72.     The IRS internally referred to such applications as "Tea Party cases." *See* Ex. 1, at 6.

73.     At least as early as April 2010, the Acting Manager, EO Technical Unit (upon information and belief, Defendant Grodnitzky), was aware of the selective targeting of and discrimination against the "Tea Party cases." *See* Ex. 1, at 31.

74.     In April 2010, the Acting Manager, EO Technical Unit (upon information and belief, Defendant Grodnitzky) directed the preparation of a Sensitive Case Report regarding the "Tea Party cases." *See* Ex. 1, at 31.

75.     The Technical Unit prepared the Sensitive Case Report in mid-April 2010. *See* Ex. 1, at 32.

76.     Upon information and belief, according to the usual custom and practice, the Sensitive Case Report was shared with then-Director, Rulings and Agreements Office (upon information and belief, Robert Choi), and a summary of the Report was provided to Defendant Lerner, Director, EO Division. *See* Ex. 1, at 32.

77.     Between April and July 2010, the Acting Manager, EO Technical Unit (upon information and belief, Defendant Grodnitzky) and his team worked with other IRS agents and officials, including the Unknown Named IRS Officials, to discriminatorily identify additional "Tea Party" applications and to review letters requesting additional information from "Tea Party" applicants. *See* Ex. 1, at 32-33.

78.     Upon information and belief, Defendants Hull and Grodnitzky provided direct oversight and instruction to IRS employees regarding the handling of the "Tea Party" applications, including suggesting specific questions they should ask of conservative and Tea Party groups seeking tax-exemption.

79.     As further evidence of the unlawful discrimination against the Plaintiffs, identification of "Tea Party" applications was based in part on what the IRS officials, including the individually named Defendants herein, internally referred to as a "Be on the Lookout," or BOLO, list. *See* Ex. 1, at 6.

80.     During the period from August, 2010 through July, 2012, the criteria on the BOLO list included, at various times, the following: ". . . various local organizations in the Tea Party movement" and "political action type organizations involved in limiting/expanding Government, educating on the Constitution and Bill of Rights, social economic reform/movement." *See* Ex. 1, at 6, 32-33, 35, 38.

81.     At least as early as June, 2011, Defendant Lerner and, upon information and belief, Defendants Paz, Fish, Hull, Grodnitzky and the Unknown Named IRS Officials, were aware of the use of the following discriminatory criteria in identifying applications for further IRS scrutiny:

        (a) reference to "Tea Party," "Patriots," or "9/12 Project" in the case file;

        (b) issues in the case included "Government spending, Government debt, or taxes";

(c) the applicant was engaged in "[e]ducation of the public via advocacy/lobbying to 'make America a better place to live'"; and

(d) the case file included statements criticizing "how the country is being run."

*See* Ex. 1, at 35.

82.   The EO Technical Unit developed written guidelines to be used by IRS officials and employees who were processing the "Tea Party" applications. *See* Ex. 1, at 36-37.

83.   Based on these guidelines, IRS officials and employees, including, upon information and belief, Defendants Lerner, Paz, Fish, Hull, Grodnitzky and the Unknown Named IRS Officials, then prepared, reviewed, and issued letters requesting additional information to the "Tea Party" applicants, including Plaintiffs herein. *See* Ex. 1, at 18, 38.

84.   The letters issued to "Tea Party" applicants, including Plaintiffs herein, requested such inappropriate and irrelevant information as (1) donor names; (2) a list of issues of importance to the applicant organization, as well as the organization's position regarding those issues; (3) the type of conversations and discussions between members and participants at organization activities; (4) whether the organization's officer(s) or director(s) have run or plan to run for public office; (5) the political affiliation of the officer(s) or director(s) of the organization; (6) information regarding the employment (other than for the organization) of the organization's officer(s) or director(s); and (7) information regarding the activities of other organizations with which the applicant had a connection. *See* Ex. 1, at 20.

85.   The IRS asked at least one Plaintiff herein to provide the names of individuals who volunteered with the organization.

86.   The IRS asked another Plaintiff herein to provide "a temporary Username and Password" with which IRS employees could access the organization's website, "hardcopy printouts" of its social

media pages, copies of all solicitations and documents concerning the organization's fundraising activities "in an election year and non-election year," and "copies of handouts to the audience" and "workshop materials that instructors will use" at the organization's public events. *See* Ex. 4.[3]

87.     The IRS requested from yet another Plaintiff herein information to refute the IRS's conclusion that the organization failed to qualify as an educational 501(c)(3) organization because of the organization's name (AMEN – Abortion Must End Now) and because the organization: is "focused on defending the Sanctity of Life and to put an end to abortion once and for all"; intends to "provide education . . . about the effects of abortion and to present prolife brochures"; intends "to conduct regular speaking engagements . . . to hundreds of youth and various groups within the community" and is involved in "promoting the sending of Red Envelopes to the President of the U.S. to stop abortions." *See* Ex. 5.[4]

88.     As it did in the case of AMEN, in determining whether a 501(c)(3) applicant qualifies as "educational," the IRS applies the following criteria, set forth in IRS Revenue Procedure 86-43: (1) The presentation of viewpoints or positions unsupported by facts is a significant portion of the organization's communications; (2) The facts that purport to support the viewpoints or positions are distorted; (3) The organization's presentations make substantial use of inflammatory and disparaging terms and express conclusions more on the basis of strong emotional feelings than of objective evaluations; and (4) The approach used in the organization's presentations is not aimed at developing an understanding on the part of the intended audience or readership because it does not consider their background or training in the subject matter. *See* Ex. 5.

---

[3] Exhibit 4, attached hereto and incorporated by reference herein, is a Request for Information from the IRS to Plaintiff Arlington Tea Party.

[4] Exhibit 5, attached hereto and incorporated by reference herein, is a Request for Information from the IRS to Plaintiff AMEN and contains citation to IRS Revenue Procedure 86-43, as well as quotation of the relevant provisions thereof.

89.     Revenue Procedure 86-43 fails to provide guidance, either to applicant organizations or government officials tasked with applying the Revenue Procedure, as to how to determine if a given statement is sufficiently "factual" in nature, or as to how much of an organization's communications constitutes a "significant portion."

90.     Revenue Procedure 86-43 fails to provide any guidance as to who will determine if facts supporting a particular organizational viewpoint or position have been "distorted," or the manner in which such determination is to be made.

91.     Revenue Procedure 86-43 fails to provide any guidance as to the distinction between "emotional" and "objective" evaluations, or the measure used to determine if "substantial use" of impermissibly "emotional" evaluations has occurred in an organization's presentation of its viewpoint(s).

92.     In addition to their unlawful content, the requests for information from the IRS were often delayed until a full year or more after the organizations initially filed their applications for tax-exempt status. *See* Ex. 1, at 12.

93.     After issuance of the additional information request letters, various media outlets began publicizing complaints from Tea Party organizations about the request letters, and Congress began to show concern about the IRS's discriminatory treatment of Tea Party organizations. *See* Ex. 1, at 18-19, 39.

94.     Following the appearance of this Congressional and media attention, Defendant Lerner finally halted the issuance of further letters requesting additional information until new guidelines were developed and provided to those officials processing the "Tea Party" applications. Defendant Lerner did not, however, take any action at that time to ensure that letters previously issued which

had requested unconstitutional and inappropriately intrusive information requests were retracted. *See* Ex. 1, at 19.

95.     In or around March, 2012, IRS officials and employees created a list of template questions to be included in future letters requesting additional information from "Tea Party" applicants. This list was provided to members of the Guidance Unit in Washington, D.C., and still included inappropriate and unconstitutional requests for donor information. *See* Ex. 1, at 39.

96.     At least as early as March, 2012, then-Deputy Commissioner for Services and Enforcement (upon information and belief, Defendant Miller), was aware that the additional information being requested from Tea Party applicants included donor information. Rather than halt such requests, however, Defendant Miller indicated that IRS officials and employees processing these applications should permit those applicants who complained about the request to refrain from sending in the donor information for the time being, but only with the clarification that the IRS might later require the applicant to provide such information. *See* Ex. 1, at 39.

97.     Between March and May, 2012, the IRS, through various officials, including, upon information and belief, Defendants Miller, Lerner, Paz, Fish, Hull, Grodnitzky and the Unknown Named IRS Officials, continued to review the Tea Party applications and the additional information request letters issued to the applicants, and provided further guidance to the IRS employees regarding the processing of the applications.

98.     According to the TIGTA Report, the IRS did not apply additional scrutiny to the applications of other organizations seeking tax-exempt status under I.R.C. §§ 501(c)(3) and (4) based on the organizations' political viewpoints, including organizations with "indications of significant political campaign intervention." *See* Ex. 1, at 9.

99.     The conduct of Defendants complained of herein, including their discriminatory targeting of Plaintiffs' applications for tax-exemption, their improper requests to Plaintiffs for intrusive and irrelevant information, and the consequent delay in the processing of Plaintiffs' applications, resulted not only from intentional and unlawful viewpoint discrimination but also from a lack of understanding of various IRS officials as to the types of activities in which I.R.C. § 501(c)(4) organizations are permitted to engage. *See* Ex. 1, at 7, 18.

100.    The lack of understanding of IRS officials regarding the types of activities in which I.R.C. § 501(c)(4) organizations are permitted to engage is due to a "lack of specific guidance" within Treasury Regulations, including 26 C.F.R. § 1.501(c)(4)-1, "on how to determine the 'primary activity' of an I.R.C. § 501(c)(4) organization." *See* Ex. 1, at 14.

101.    According to the Treasury Inspector General, "Treasury Regulations state that I.R.C. § 501(c)(4) organizations should have social welfare as their 'primary activity'; however, the regulations do not define how to measure whether social welfare is an organization's 'primary activity.'" *See* Ex. 1, at 14.

102.    Treasury Regulation 26 C.F.R. § 1.501(c)(4)-1 further prohibits a § 501(c)(4) organization's "direct or indirect . . . intervention in political campaigns" but fails to define or otherwise provide guidance, for organizations or government officials tasked with applying the regulation, regarding the types of activities that constitute political campaign "intervention."

103.    As a result of the vagueness of 26 C.F.R. § 1.501(c)(4)-1, organizations seeking tax-exempt status under I.R.C. § 501(c)(4) are left to guess at what speech and other expressive activities constitute prohibited political campaign "intervention."

104.    Even IRS officials within the EO division have acknowledged that "organizations may not understand what constitutes political campaign intervention . . . ." *See* Ex. 1, at 10.

105.    The vagueness of 26 C.F.R. § 1.501(c)(4)-1 invites government officials responsible for processing applications for tax-exempt status under I.R.C. § 501(c)(4) to do exactly what they did in this case – engage in arbitrary and discriminatory enforcement and application of the regulation in determining an applicant's "primary activity" and whether the applicant engages in political campaign "intervention."

106.    The Treasury Inspector General concluded that the IRS's Acting Commissioner, Tax Exempt and Government Entities Division should "[r]ecommend to IRS Chief Counsel and the Department of the Treasury that guidance on how to measure the 'primary activity' of I.R.C. § 501(c)(4) social welfare organizations be included for consideration in the Department of the Treasury Priority Guidance Plan," which identifies "issues that should be addressed through regulations, revenue rulings, revenue procedures, notices, and other published administrative guidance." *See* Ex. 1, at 17 & n.41.

107.    Plaintiffs Colorado 9-12 Project, San Antonio Tea Party, Inc., Wetumpka Tea Party, Inc., OKC PIA Association, Richmond Tea Party, Inc., Hawaii Tea Party, Shelby County Liberty, Manassas Tea Party, The Honolulu Tea Party, Waco Tea Party, Kentucky 9/12 Project, Inc., Chattanooga Tea Party, American Patriots Against Government Excess, Roane County Tea Party, Protecting American Values, Inc., Shenandoah Valley Tea Party Patriots, First Coast Tea Party, Inc., Rochester Tea Party Patriots, and Mid-South Tea Party were finally granted tax-exempt status following extensive delay and intrusive inquiries by the IRS.

108.    Plaintiff Rochester Tea Party Patriots was finally granted 501(c)(4) tax-exempt status, but not until after it applied for 501(c)(3) status, waited over a year and a half for a response from the IRS, which included intrusive and irrelevant requests for information, and was then instructed by the IRS to apply for 501(c)(4) status.

109.    Plaintiffs San Fernando Valley Patriots, Inc., Portage County Tea Party, Inc., The Common Sense Campaign Corp., Tri-Cities Tea Party, and Mississippi Tea Party, Inc., ultimately ceased to pursue their applications for tax-exempt status based on the intimidating and unconstitutional requests for information issued by the IRS and the IRS's intentional delay in processing their applications.

110.    Plaintiffs Linchpins of Liberty, PECAN, Liberty Township Tea Party, Inc., AMEN, Oregon Capitol Watch Foundation, and First State Patriots, Inc., as of the date of filing of this First Amended Complaint, still await determinations on their applications for 501(c)(3) tax-exempt status, each of which has been pending in excess of 270 days from the date on which the organization initially requested a determination as to its tax-exempt status, which included the submission of completed Form 1023. *See* Ex. 2.

111.    Plaintiffs Linchpins of Liberty, PECAN, Liberty Township Tea Party, Inc., AMEN, Oregon Capitol Watch Foundation, and First State Patriots, Inc., have exhausted their administrative remedies and have taken, in a timely manner, all reasonable steps to secure a tax-exemption determination, including completion and submission of all necessary documentation, including Form 1023, and compliance with all reasonable and lawful requests for information by the IRS. *See* Ex. 2.

112.    Plaintiffs Greenwich Tea Party Patriots of South Jersey, LLC, Greater Phoenix Tea Party, Unite in Action, Inc., Allen Area Patriots, Laurens Co. Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Albuquerque Tea Party, Inc., East Jersey Tea Party, Arlington Tea Party, Inc., and Acadiana Patriots, as of the date of filing of this First Amended Complaint, still await determinations on their applications for 501(c)(4) tax-exempt status.

113.    On May 10, 2013, the IRS publicly acknowledged that it inappropriately and unjustifiably targeted conservative groups for additional tax scrutiny during the 2012 election cycle.

114.     Defendant Lerner publicly acknowledged the IRS's discriminatory treatment of the Tea Party organizations, expressly admitting, on behalf of the IRS, that the applications of groups whose names included "Tea Party" or "Patriot" were singled out and subjected to additional IRS scrutiny.

115.     The extensive delay in processing their applications for tax-exempt status has cost Plaintiffs significant time and money that they could have been using to further their tax-exempt purposes.

116.     Defendants' unconstitutional treatment of Plaintiffs based on their names and presumed viewpoints, and Defendants' conduct in issuing unconstitutional requests for additional information from Plaintiffs, has substantially and materially interfered with Plaintiffs' abilities to engage in effective advocacy and other expressive activities.

117.     Defendants' unconstitutional discrimination against Plaintiffs, and the resulting delay in processing their applications for tax-exempt status, also prohibited Plaintiffs from being eligible during the period of delay for receipt of various tax-exempt status benefits, including but not limited to state tax-exemption.

118.     The conduct of Defendants complained of herein has had a chilling effect on the willingness of potential donors and grantors to provide donations and grants to Plaintiffs.

119.     Defendants knew or should have known that their conduct, as described herein, would violate the federal constitutional and statutory rights of Plaintiffs.

CAUSES OF ACTION

COUNT I
(Violations of the First Amendment – Freedom of Speech – *Bivens* Action)

*By All Plaintiffs Against Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull
and the Unknown Named IRS Officials
In Their Individual Capacities While Acting Under Color of Federal Authority*

120.     The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

121.    The First Amendment protects private speech from government interference or restriction when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.

122.    Plaintiffs' speech enjoys First Amendment protection.

123.    The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

124.    Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials unlawfully deprived Plaintiffs of their First Amendment rights in connection with and arising from their applications for tax-exempt status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein, delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' viewpoints, and failing to prevent such conduct by other IRS employees under their direct supervision and control while they were fully aware of such unconstitutional misconduct.

125.    In targeting Plaintiffs' applications for tax-exempt status for additional and illegitimate scrutiny, Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials engaged in impermissible viewpoint-based discrimination in violation of established First Amendment principles, while acting under color of federal authority in their respective official IRS positions.

126.    Defendants' conduct directly infringed upon Plaintiffs' speech by inhibiting their ability to engage in effective advocacy and other expressive activities.

127.    Defendants' conduct constitutes retaliation against Plaintiffs on the basis of the actual or perceived viewpoint of their protected speech.

128.    Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

129.    Plaintiffs have no other adequate monetary remedy in court for Defendants' violations of their constitutional rights as complained of herein.

COUNT II

(Violations of the First Amendment – Freedom of Association – *Bivens* Action)

*By All Plaintiffs Against Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull*
*and the Unknown Named IRS Officials*
*In Their Individual Capacities While Acting Under Color of Federal Authority*

130.    The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

131.    The First Amendment to the United States Constitution protects Plaintiffs' right to freely associate with others of their choosing for the purposes of engaging in protected speech or religious activities.

132.    The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

133.    Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials unlawfully deprived Plaintiffs of their First Amendment rights in connection with and arising from their applications for tax-exempt status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein, delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' protected speech, and failing to prevent such conduct by other IRS employees under their direct supervision and control while they were fully aware of such unconstitutional misconduct.

134.     Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, while acting under color of federal authority in their respective official IRS positions, infringed upon Plaintiffs' ability to freely associate for protected speech purposes with others of their choosing, including potential donors and grantors.

135.     Defendants knew, or reasonably should have known, that targeting Plaintiffs' applications for tax-exempt status for additional and illegitimate scrutiny would violate Plaintiffs' federal constitutional rights.

136.     Plaintiffs have no other adequate monetary remedy in court for Defendants' violations of their constitutional rights as complained of herein.

COUNT III
(Violations of the Fifth Amendment – Equal Protection under the Due Process Clause – *Bivens* Action)

*By All Plaintiffs Against Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials In Their Individual Capacities While Acting Under Color of Federal Authority*

137.     The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

138.     The Fifth Amendment to the United States Constitution protects persons against the deprivation of life, liberty, or property without due process of the law and forbids the federal government from denying the equal protection of the laws.

139.     The Fifth Amendment to the United States Constitution guarantees persons the right to be free from illegal discrimination and selective, viewpoint-based scrutiny and enforcement.

140.     The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized a private damages action against federal officials for constitutional torts committed by such officials while acting under color of federal authority.

141.     Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials unlawfully deprived Plaintiffs of their Fifth Amendment rights in connection with and arising from their applications for tax-exempt status by imposing upon such applications an unconstitutional requirement of heightened scrutiny, issuing unconstitutional and overly intrusive requests for information as described herein, delaying the processing of Plaintiffs' applications on the basis of Plaintiffs' viewpoints, and failing to prevent such conduct by other IRS employees under their direct supervision and control while they were fully aware of such unconstitutional misconduct.

142.     Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, while acting under color of federal authority in their respective official IRS positions, caused Plaintiffs to be treated differently than other similarly situated organizations seeking tax-exempt status.

143.     The disparate treatment of Plaintiffs based on their viewpoints was a result of a discriminatory purpose on the part of Defendants.

144.     Defendants' disparate treatment of Plaintiffs based on their viewpoints is not rationally related to any legitimate governmental interest.

145.     Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

146.     Plaintiffs have no other adequate monetary remedy in a court for Defendants' violations of their constitutional rights as complained of herein.

## COUNT IV
(Violations of the Administrative Procedure Act)

*By All Plaintiffs Against All Defendants in Their Official Capacities*

147.     The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

148.    The Administrative Procedure Act (APA) provides a cause of action for persons aggrieved by final actions of an agency of the United States, or officers thereof while acting in an official capacity, that have been unlawfully withheld or unreasonably delayed, as well as agency actions, findings, and conclusions that are contrary to constitutional right, power, privilege or immunity.

149.    The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702 in actions seeking relief other than money damages and stating a claim that an agency of the United States and/or officers thereof acted or failed to act in an official capacity.

150.    The Internal Revenue Service is an agency of the United States for purposes of the APA.

151.    The Department of Treasury is an agency of the United States for purposes of the APA.

152.    Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, at all times relevant herein, were officers of an agency of the United States for purposes of the APA.

153.    Defendants' unlawful and viewpoint-based targeting of Plaintiffs' applications for tax-exempt status for heightened scrutiny and unconstitutional and intrusive requests for information unreasonably delayed the IRS's final determinations of Plaintiffs' tax-exempt status.

154.    Defendants' unlawful conduct of implementing the policy and practice of targeting and singling out Plaintiffs' applications for tax-exempt status for heightened scrutiny and Defendants' actions in issuing to Plaintiffs the unconstitutional and overly intrusive requests for information described herein, based solely on Plaintiffs' viewpoints, constitute final agency actions that are contrary to Plaintiffs' federal constitutional rights to freedom of speech and freedom of association under the First Amendment and the equal protection of the laws under the Fifth Amendment.

155.    Defendants' demand that Plaintiffs respond to irrelevant, unconstitutional, and overly intrusive requests for information described herein violates Defendants' authority under Internal

Revenue Manual § 7.20.2.4.1, which requires that "requests for additional information" must be "relevant to the paragraph of section 501(c) appropriate to the applicant."

156.    Plaintiffs have no other adequate remedy in court for the government's violations of their constitutional and statutory rights as complained of herein.

157.    Plaintiffs have suffered, and will continue to suffer absent an injunction, irreparable harm as a result of Defendants' unlawful conduct of implementing the policy and practice of targeting and singling out Plaintiffs' applications for tax-exempt status for heightened scrutiny and Defendants' actions in issuing to Plaintiffs the unconstitutional and overly intrusive requests for information described herein.

158.    Under no circumstances can Defendants ultimately prevail on this claim as they have already admitted to their unlawful conduct of discriminatorily targeting Plaintiffs' applications for tax-exempt status for heightened scrutiny.

COUNT V
(Violations of the Administrative Procedure Act)

*By 501(c)(4) Plaintiffs Against All Defendants in Their Official Capacities*

159.    The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

160.    The Administrative Procedure Act (APA) provides a cause of action for persons aggrieved by final actions of an agency of the United States, or officers thereof while acting in an official capacity, that have been unlawfully withheld or unreasonably delayed, as well as agency actions, findings, and conclusions that are contrary to constitutional right, power, privilege or immunity.

161.    The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702 in actions seeking relief other than money damages and stating a claim that an agency of the United States and/or officers thereof acted or failed to act in an official capacity.

33

162.     The Internal Revenue Service is an agency of the United States for purposes of the APA.

163.     The Department of Treasury is an agency of the United States for purposes of the APA.

164.     Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, at all times relevant herein, were officers of an agency of the United States for purposes of the APA.

165.     26 C.F.R. § 1.501(c)(4)-1 is impermissibly vague, both on its face and as-applied to the 501(c)(4) Plaintiffs, and thus constitutes final agency action that is contrary to constitutional right, because it:

a. requires an I.R.C. § 501(c)(4) organization to engage in the promotion of social welfare as its "primary activity" but fails to define that term or provide any guidance, for applicant organizations or for government officials tasked with enforcing and applying the regulation, as to the means of determining an organization's "primary activity"; and

b.  prohibits an I.R.C. § 501(c)(4) organization from "direct or indirect . . . intervention in political campaigns" but fails to define such "intervention" or provide any guidance, for applicant organizations or for government officials tasked with enforcing and applying the regulation, as to what speech and/or other expressive activities constitute political campaign "intervention."

166.     The failure of 26 C.F.R. § 1.501(c)(4)-1 to define or otherwise provide guidance regarding the meaning and application of the term political campaign "intervention" violates the First and Fifth Amendment rights of the 501(c)(4) Plaintiffs and others similarly situated by causing them to steer far wider of the zone of prohibited speech and expressive activity than if the boundaries were clearly marked.

167.    The failure of 26 C.F.R. § 1.501(c)(4)-1 to define or otherwise provide guidance regarding the meaning and application of the terms "primary activity" and political campaign "intervention" violates the First and Fifth Amendment rights of the 501(c)(4) Plaintiffs and others similarly situated by inviting arbitrary and discriminatory application and enforcement by government officials.

168.    Plaintiffs have no other adequate remedy in court for the government's violations of their constitutional and statutory rights as complained of herein.

169.    The 501(c)(4) Plaintiffs that have been granted tax-exempt status have already suffered irreparable harm as a result of Defendants' application of 26 C.F.R. § 1.501(c)(4)-1, and those 501(c)(4) Plaintiffs awaiting a tax-exempt determination, as well as all others similarly situated, will suffer, absent an injunction, irreparable harm if Defendants are permitted to continue enforcement of this unconstitutionally vague regulation.

170.    Under no circumstances can Defendants ultimately prevail on this claim as they have already admitted to their unlawful conduct of discriminatorily targeting Plaintiffs' applications for tax-exempt status for heightened scrutiny, a process that included application of 26 C.F.R. § 1.501(c)(4)-1.

COUNT VI
(Violations of the Administrative Procedure Act)

*By 501(c)(3) Plaintiffs Against All Defendants in Their Official Capacities*

171.    The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

172.    The Administrative Procedure Act (APA) provides a cause of action for persons aggrieved by final actions of an agency of the United States, or officers thereof while acting in an official capacity, that have been unlawfully withheld or unreasonably delayed, as well as agency actions, findings, and conclusions that are contrary to constitutional right, power, privilege or immunity.

173.    The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702 in actions seeking relief other than money damages and stating a claim that an agency of the United States and/or officers thereof acted or failed to act in an official capacity.

174.    The Internal Revenue Service is an agency of the United States for purposes of the APA.

175.    The Department of Treasury is an agency of the United States for purposes of the APA.

176.    Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, at all times relevant herein, were officers of an agency of the United States for purposes of the APA.

177.    Internal Revenue Procedure 86-43 is unconstitutionally vague, both on its face and as-applied to the 501(c)(3) Plaintiffs herein, and thus constitutes final agency action contrary to constitutional right for at least the following reasons:

a. It permits the IRS to deny 501(c)(3) tax-exempt status to an educational organization because IRS officials subjectively deem that a "significant portion" of the organization's expressed viewpoints are unsupported by facts but fails to provide any guidance, either to applicant organizations or government officials tasked with applying the Revenue Procedure, as to the meaning of the phrase "significant portion" or the means of determining whether a given expression is sufficiently "factual" in nature;

b. It permits the IRS to deny 501(c)(3) tax-exempt status to an educational organization because IRS officials subjectively deem that "the facts that purport to support the [applicant's] viewpoints or positions are distorted" but fails to provide any guidance as to who will determine whether a given fact is "distorted," or on what basis such a determination is to be made; and

c.  It permits the IRS to deny 501(c)(3) tax-exempt status to an educational organization when IRS officials subjectively deem that "[t]he organization's presentations make substantial use of inflammatory and disparaging terms and express conclusions more on the basis of strong emotional feelings than of objective evaluations" but fails to provide any guidance as to the distinction between "emotional" and "objective" evaluations, or the measure used to determine if "substantial use" of impermissibly "emotional" evaluations has occurred.

178.    The failure of Internal Revenue Procedure 86-43 to provide sufficiently clear standards and guidance violates the First and Fifth Amendment rights of the 501(c)(3) Plaintiffs, and all others similarly situated, by causing them to steer far wider of the zone of prohibited speech and expressive activity than if the boundaries were clearly marked.

179.    The failure of Internal Revenue Procedure 86-43 to provide sufficiently clear standards and guidance violates the First and Fifth Amendment rights of the 501(c)(3) Plaintiffs and all others similarly situated by inviting arbitrary and viewpoint-discriminatory application and enforcement by government officials.

180.    Plaintiffs have no other adequate remedy in court for the government's violations of their constitutional and statutory rights as complained of herein.

181.    The 501(c)(3) Plaintiffs awaiting a tax-exempt determination, as well as all others similarly situated, will suffer, absent an injunction, irreparable harm if Defendants are permitted to continue enforcement of this unconstitutionally vague revenue procedure.

182.    Under no circumstances can Defendants ultimately prevail on this claim as they have already admitted to their unlawful conduct of discriminatorily targeting Plaintiffs' applications for tax-

exempt status for heightened scrutiny, a process that included application of Revenue Procedure 83-46.

## COUNT VII
### (Violations of the Internal Revenue Code – 26 U.S.C. § 7428)

*By Plaintiffs Still Awaiting Determination of 501(c)(3) Tax-Exempt Status Against Defendants United States and the Secretary of the Treasury in His Official Capacity*

183.     The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

184.     26 U.S.C. § 7428 creates a cause of action for organizations whose applications for a determination with respect to qualification for tax-exempt status under 26 U.S.C. § 501(c)(3) have not been acted upon within 270 days of the organization's request for such determination.

185.     26 U.S.C. § 7428 authorizes this Court to issue a declaratory judgment regarding the initial qualification of an organization as an organization described in Section 501(c)(3) of the Internal Revenue Code.

186.     The United States has waived its sovereign immunity, pursuant to 26 U.S.C. § 7428, for suits seeking a declaratory judgment regarding a determination of whether an organization is tax-exempt under 26 U.S.C. § 501(c)(3).

187.     Plaintiffs Linchpins of Liberty, PECAN, Liberty Township Tea Party, Inc., AMEN, Oregon Capitol Watch Foundation, and First State Patriots, Inc., through no fault of their own, and as a direct result of the intentional delay by Defendants, acting in their official capacities, are still awaiting a determination regarding their qualification for tax-exemption under Section 501(c)(3) more than 270 days from the dates on which they made their requests for determination, which included submission of a completed Form 1023.

188.    These Plaintiffs have exhausted their administrative remedies and have taken, in a timely manner, all reasonable steps to secure a tax-exemption determination, including completion and submission of all necessary documentation, including Form 1023, and compliance with all reasonable and lawful requests for information by the IRS.

189.    As a direct result of Defendants' intentional delay in the processing of Plaintiffs' applications for tax-exempt status, these Plaintiffs have experienced significant hardship, including the loss of monetary grants and donations.

COUNT VIII
(Violations of the Internal Revenue Code - 26 U.S.C. § 6103)

*By Plaintiffs Who Produced Return Information to the IRS Against Defendants*
*United States and the IRS*

190.    The allegations of Paragraphs 1 through 119 above are incorporated by reference herein as if fully set out.

191.    26 U.S.C. § 6103 provides that "[r]eturns and return information shall be confidential" and may be inspected and/or disclosed only as specifically authorized under Section 6103.

192.    26 U.S.C. § 7431 creates a cause of action for any taxpayer whose tax return information is knowingly or by reason of negligence inspected or disclosed by an officer or employee of the United States in violation of any provision of 26 U.S.C. § 6103.

193.    The United States has waived its sovereign immunity, pursuant to 26 U.S.C. § 7431, for suits alleging a knowing or negligent violation of 26 U.S.C. § 6103 by an officer or employee of the United States.

194.    The information sought by the IRS's unconstitutional requests for additional information and produced to the IRS by Plaintiffs qualifies as "return information," under 26 U.S.C. § 6103(b)(2).

195.    26 U.S.C. § 6103(h) authorizes disclosure of return information only to such officers and employees of the Department of the Treasury "whose official duties require such inspection or disclosure for tax administration purposes."

196.    The IRS issued its requests to Plaintiffs for additional information in furtherance of its unconstitutional and discriminatory policy targeting Plaintiffs based on their actual or perceived viewpoints.

197.    The IRS officials and employees who inspected and/or disclosed the return information produced by Plaintiffs in response to the IRS's unconstitutional and discriminatory requests for additional information knew or should have known that such inspection and/or disclosure was not authorized by Section 6103.

198.    Each inspection and disclosure by any employee or officer of the IRS of the return information produced by Plaintiffs in response to the IRS's unconstitutional and discriminatory requests for additional information constitutes a separate violation of Section 6103(h), as such inspections and disclosures were not "for tax administration purposes."

199.    Each inspection by IRS officials and employees of the return information produced by Plaintiffs in response to the IRS's unconstitutional and discriminatory requests for additional information was done knowingly, or at a minimum as a result of negligence.

200.    26 U.S.C. § 7431 authorizes an award of damages in the amount of the greater of $1,000 or the actual damages sustained by a plaintiff for each act of unauthorized inspection or disclosure in violation of 26 U.S.C. § 6103 for which the United States is found liable.

<u>PRAYER FOR RELIEF</u>

        WHEREFORE Plaintiffs demand judgment against Defendants and in favor of Plaintiffs as follows:

A.      Under Count I, that this Court declare that the conduct of Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, while acting under color of federal authority, violated the constitutional rights of Plaintiffs and award Plaintiffs compensatory and punitive damages in an amount to be proved at trial against Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials for their violations of Plaintiffs' constitutional rights committed while acting under color of federal authority;

B.      Under Count II, that this Court declare that the conduct of Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, while acting under color of federal authority, violated the constitutional rights of Plaintiffs and award Plaintiffs compensatory and punitive damages in an amount to be proved at trial against Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials for their violations of Plaintiffs' constitutional rights committed while acting under color of federal authority;

C.      Under Count III, that this Court declare that the conduct of Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials, while acting under color of federal authority, violated the constitutional rights of Plaintiffs and award Plaintiffs compensatory and punitive damages in an amount to be proved at trial against Defendants Miller, Lerner, Paz, Grodnitzky, Fish, Hull and the Unknown Named IRS Officials for their violations of Plaintiffs' constitutional rights committed while acting under color of federal authority;

D.      Under Count IV, that this Court:

(i)     declare that the conduct of all Defendants, as agencies of the United States and/or officials thereof acting in an official capacity, violated the Administrative Procedure Act;

(ii)     issue a permanent injunction prohibiting all Defendants, and all those in active concert with them, from unlawfully targeting Plaintiffs, including their officers, directors, and members, for disparate treatment and particular scrutiny based on the unconstitutional criteria of viewpoint or association; and

(iii)     issue a mandatory injunction compelling Defendant Secretary of the Treasury to immediately issue a determination regarding the qualification of Plaintiffs Greenwich Tea Party Patriots of South Jersey, LLC, Greater Phoenix Tea Party, Unite in Action, Inc., Allen Area Patriots, Laurens Co. Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Albuquerque Tea Party, Inc., East Jersey Tea Party, Arlington Tea Party, Inc., and Acadiana Patriots, pursuant to 26 U.S.C. § 501(c)(4), for exemption from taxation;

E.     Under Count V, that this Court declare that 26 C.F.R. § 1.501(c)(4)-1 is void for vagueness, both facially and as-applied to the 501(c)(4) Plaintiffs, and thus contrary to constitutional right in violation of the Administrative Procedure Act, and issue an injunction prohibiting Defendants Jacob Lew, Secretary of the Treasury, and Daniel Werfel, Acting Commissioner of the IRS, from further application of 26 C.F.R. § 1.501(c)(4)-1;

F.     Under Count VI, that this Court declare that Internal Revenue Procedure 86-43 is void for vagueness, both facially and as-applied to the 501(c)(3) Plaintiffs, and thus contrary to constitutional right in violation of the Administrative Procedure Act, and issue an injunction prohibiting Defendants Jacob Lew, Secretary of the Treasury, and Daniel Werfel, Acting Commissioner of the IRS, from further application of Revenue Procedure 86-43;

G.      Under Count VII, that this Court declare that Plaintiffs Linchpins of Liberty, PECAN, Liberty Township Tea Party, Inc., AMEN, Oregon Capitol Watch Foundation, and First State Patriots, Inc., qualify, pursuant to 26 U.S.C. § 501(c)(3), as organizations that are tax-exempt;

H.      Under Count VIII, that this Court award Plaintiffs Linchpins of Liberty, Liberty Township Tea Party, Inc., Greenwich Tea Party Patriots of South Jersey, LLC, Greater Phoenix Tea Party, Unite in Action, Inc., Allen Area Patriots, Laurens Co. Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Richmond Tea Party, Inc., Albuquerque Tea Party, Inc., East Jersey Tea Party, Hawaii Tea Party, Shelby County Liberty, Manassas Tea Party, The Honolulu Tea Party, Waco Tea Party, Kentucky 9/12 Project, Inc., Chattanooga Tea Party, American Patriots Against Government Excess, Roane County Tea Party, Tri-Cities Tea Party, Mississippi Tea Party, Inc., Shenandoah Valley Tea Party Patriots, First Coast Tea Party, Inc., Oregon Capitol Watch Foundation, Roane County Tea Party, First State Patriots, Inc., and Mid-South Tea Party damages in an amount to be proved at trial for each unauthorized inspection and disclosure of Plaintiffs' return information in violation of 26 U.S.C. § 6103, or in the amount of $1,000 per such violation, whichever is greater;

I.      Award Plaintiffs their reasonable attorney's fees, costs and expenses associated with this action pursuant to 28 U.S.C. § 2812 and 26 U.S.C. § 7431; and

J.      Award Plaintiffs such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiffs demand trial by jury on all claims and issues so triable.

DATED: June 25, 2013.

/s/ Jay Alan Sekulow
Jay Alan Sekulow, *Counsel of Record*
(D.C. Bar No. 496335)
Stuart J. Roth (D.C. Bar No. 475937)
Andrew J. Ekonomou**
Jordan A. Sekulow (D.C. Bar No. 991680)
Robert W. Ash*
David A. French**
Abigail A. Southerland**
Carly F. Gammill (D.C. Bar No. 982663)**
Miles L. Terry (D.C. Bar No. 1011546)**
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
Tel. (202) 546-8890
Fax (202) 546-9309
sekulow@aclj.org

*Counsel for Plaintiffs*

*Motion for *pro hac vice* admission pending
**Admitted *pro hac vice*