Internal Revenue Service
P.O. Box 2508 - Room 4504
Cincinnati, Ohio 45201

Department of the Treasury

Date: October 20, 2010

Amen
█████████████████████

Yuma, AZ   85364

Employer Identification Number:
█████████████

Person to Contact - Group #:
  David Doeker - 7830
  ID# 31-03150
Contact Telephone Numbers:
  513-263-3613    Phone
  513-263-3690    Fax
Response Due Date:
  11/10/10

*(Extended until 11/24/2010)*

Dear Sir or Madam:

We need more information before we can complete our consideration of your
application for exemption.  Please provide the information requested on the
enclosure by the response due date shown above. Your response must be signed
by an authorized person or an officer whose name is listed on your
application.  Also, the information you submit should be accompanied by the
following declaration:

> Under penalties of perjury, I declare that I have examined this
> information, including accompanying documents, and, to the best of
> my knowledge and belief, the information contains all the relevant
> facts relating to the request for the information, and such facts
> are true, correct, and complete.

To facilitate processing of your application, **please attach a copy of this
letter to your response.**  This will enable us to quickly and accurately
associate the additional documents with your case file.

If we do not hear from you within that time, we will assume you no longer
want us to consider your application for exemption and will close your case.
As a result, the Internal Revenue Service will treat you as a taxable entity.
If we receive the information after the response due date, we may ask you to
send us a new application.

In addition, if you do not respond to the information request by the due
date, we will conclude that you have not taken all reasonable steps to
complete your application for exemption.  Under Code section 7428(b)(2), you
must show that you have taken all the reasonable steps to obtain your
exemption letter under IRS procedures in a timely manner and exhausted your
administrative remedies before you can pursue a declaratory judgment.
Accordingly, if you fail to timely provide the information we need to enable
us to act on your application, you may lose your rights to a declaratory
judgment under Code section 7428.

Letter 1312 (DO)

EXHIBIT 5

Page 2

Amen
▬▬▬▬▬▬

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter.

Sincerely yours,

David Doeker
Exempt Organizations Specialist

Enclosure:   Information Request

Letter 1312 (Rev. 12/2007)

EXHIBIT 5

Page 3

Amen
███████████

Additional Information Requested:

1.  Your organization states in the application that you are focused of defending the Sanctity of Life and to put an end to abortion once and for all. AMEN is opposed to abortion and, "As long as we draw breath, we will do everything in our power to accomplish these goals."

You stated that to will provide education and awareness at the county fair where you will teach everyone about the effects of abortion and to present prolife brochures and distributing information.  Your organization also publishes a newsletter and has a website.

Another of your activity is to conduct regular speaking engagements where you speak to hundreds of youth and various groups within the community.

Your organization also appears to be conducting political activities by promoting the sending of Red Envelopes to the President of the U.S. to stop abortions.

Public education through the mass media frequently gets into areas that are controversial.  While the term educational includes the instruction of the public on subjects useful to the individual and beneficial to the community, what an organization claims to be educational may in fact be political or legislative activities.  Generally, exemption under IRC 501(c)(3) is precluded for those organizations which are substantially engaged in attempting to influence legislation or those which participate in or intervene in political campaign.

The Service has published the criteria used to determine the circumstances under which advocacy of a particular viewpoint or position by an organization is considered educational within the meaning of Regs. 1.501(c)(3)-1(d)(3). This criteria is set forth in Rev. Proc. 86-43, 1986-2 C.B.  It noted that the methodology test used by the Service when applying the regulation "tend(s) towards ensuring that the educational exemption be restricted to material which substantially helps a reader or listener in a learning process."

CRITERIA USED TO DETERMINE WHETHER ADVOCACY BY AN ORGANIZATION IS EDUCATIONAL

.01 The Service recognizes that the advocacy of particular viewpoints or positions may serve an educational purpose even if the viewpoints or positions being advocated are unpopular or are not generally accepted.

.02 Although the Service renders no judgment as to the viewpoint or position of the organization, the Service will look to the method used by the organization to develop and present its views. The method used by the organization will not be considered educational if it fails to provide a

EXHIBIT 5

Page 4

Amen
████████████

factual foundation for the viewpoint or position being advocated, or if it fails to provide a development from the relevant facts that would materially aid a listener or reader in a learning process.

.03 The presence of any of the following factors in the presentations made by an organization is indicative that the method used by the organization to advocate its viewpoints or positions is not educational.

1. The presentation of viewpoints or positions unsupported by facts is a significant portion of the organization's communications.

2. The facts that purport to support the viewpoints or positions are distorted.

3. The organization's presentations make substantial use of inflammatory and disparaging terms and express conclusions more on the basis of strong emotional feelings than of objective evaluations.

4. The approach used in the organization's presentations is not aimed at developing an understanding on the part of the intended audience or readership because it does not consider their background or training in the subject matter.

.04 There may be exceptional circumstances, however, where an organization's advocacy may be educational even if one or more of the factors listed in section 3.03 are present. The Service will look to all the facts and circumstances to determine whether an organization may be considered educational despite the presence of one or more of such factors.

SEC. 4. OTHER REQUIREMENTS

Even if the advocacy undertaken by an organization is determined to be educational under the above criteria, the organization must still meet all other requirements for exemption under section 501(c)(3), including the restrictions on influencing legislation and political campaigning contained therein.

Please review Revenue Procedure 86-43. Please explain in detail and show proof that your organization will comply with this revenue procedure. Please supply past and current educational material you will use in your program to educate the public.

2.  You applied for exemption under section 501(c)(3) of the Code. Organizations described in section 501(c)(3) must be organized and operated "exclusively" for charitable, educational or religious purposes. Based on the information submitted it appears your activities are not "exclusively" charitable, educational or religious but advocate a particular viewpoint. Therefore, we believe you are more clearly described under section 501(c)(4) of

EXHIBIT 5

Page 5

Amen
████████

the Code.   Please review Rev Rule 76-81 and Publication 557 for a
discussion of these types of organizations.

If you agree, please complete the following:

a.      Complete Form 1024.

b.      Complete Schedule B on Form 1024.

If you disagree, please submit a statement signed by an officer explaining
your position.  In addition, you may wish to include a copy of any pertinent
revenue rulings or court cases you feel will substantiate your position.

Note: Contributions are generally not tax deductible to organizations
      described in section 501(c)(4) of the Code.


        PLEASE DIRECT ALL CORRESPONDENCE REGARDING YOUR CASE TO:

        US Mail:                         Street Address:

        Internal Revenue Service         Internal Revenue Service
        Exempt Organizations             Exempt Organizations
        P. O. Box 2508                   550 Main St, Federal Bldg.
        Cincinnati, OH 45201             Cincinnati, OH 45202
        ATT: David A Doeker              ATT: David A Doeker
            Room 4504                        Room 4504
            Group 7830                       Group 7830

EXHIBIT 5