IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINCHPINS OF LIBERTY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-00777-RBW |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## <u>UNITED STATES OF AMERICA'S ANSWER</u>

The United States of America, through its attorneys, answers the paragraphs of the
Second Amended Complaint ("SAC") filed by Plaintiffs in the above-captioned case that remain
after the Court's Memorandum Opinion and Order granting the previously-filed motions to
dismiss in this case. In answering the remaining applicable paragraphs of the SAC, the United
States denies each and every allegation therein that is not specifically admitted below.

### <u>FIRST DEFENSE</u>

The United States of America is the only proper defendant with respect to Count VIII in
the SAC, the only remaining claim in this case.

### <u>SECOND DEFENSE</u>

Plaintiff Patriots Educating Concerned Americans Now ("PECAN") has not exhausted
its administrative remedies and/or has not taken, in a timely manner, all reasonable steps to
secure a determination regarding tax-exempt status under § 501(c)(3) of the Internal Revenue
Code.

The United States responds to the numbered allegations in the SAC as follows:

1-6.  No response to the allegations in paragraphs 1-6 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

7.  The United States admits that this Court has subject matter jurisdiction over the remaining claim in this case pursuant to 28 U.S.C. § 1346(e) because that remaining claim is brought under 26 U.S.C. § 7428 in this judicial district.

8.  No response to the allegations in paragraph 8 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

9.  The United States admits that it has waived its sovereign immunity regarding the only remaining claim in this case pursuant to 26 U.S.C. § 7428 and avers that no response is necessary from the United States regarding any remaining allegations in this paragraph because they relate only to claims which have been dismissed by this Court.

10-13.  No response to the allegations in paragraphs 10-13 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

14.  The United States admits that venue is proper in this judicial district pursuant to 26 U.S.C. § 7428(a) with respect to the only remaining claim in this case.

15.  No response to the allegations in paragraph 15 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

16.  The United States admits that PECAN has applied for a determination for tax-exempt status under § 501(c)(3) of the Internal Revenue Code.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in this paragraph.

17.  The United States admits that Liberty Township Tea Party, Inc. is an Ohio corporation that has applied for a determination for tax-exempt status under § 501(c)(3) of the Internal Revenue Code.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in this paragraph.

18-55.  No response to the allegations in paragraphs 18-55 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

56.  The United States admits that it is the proper defendant with respect to the remaining claim in this case and avers that no response is necessary from it regarding any remaining allegations in this paragraph because they relate only to claims which have been dismissed by this Court.

57-72.  No response to the allegations in paragraphs 57-72 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

73.  The United States admits that PECAN and Liberty Township Tea Party, Inc. are the only remaining plaintiffs with respect to the only remaining claim in this case and that both entities have applied for a determination for tax-exempt status under § 501(c)(3) of the Internal Revenue Code.  The United States avers that no response is necessary from it regarding any remaining allegations in this paragraph because they relate only to claims which have been dismissed by this Court.

74-95.  No response to the allegations in paragraphs 74-95 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

96. The United States admits that plaintiff PECAN submitted an application for tax-exempt status under § 501(c)(3) of the Internal Revenue Code and that the application was

received by the IRS on March 4, 2010.  The United States denies the allegations in the second sentence of this paragraph.

97-154.  No response to the allegations in paragraphs 97-154 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

155.  The United States admits the allegations in the first sentence of this paragraph.  The United States denies the allegations in the second sentence of this paragraph.

156-191.  No response to the allegations in paragraphs 156-191 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

192.  The United States admits the allegations in the first sentence with the exception that the request included thirty-nine (39) subparts.  No response to the allegations in the second and third sentences of this paragraph is necessary from the United States as they relate only to claims which have been dismissed by this Court.  The United States denies the allegations in the fourth sentence of this paragraph.

193-214.  No response to the allegations in paragraphs 193-214 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

215.  The United States admits the allegations in the first sentence of this paragraph.  The United States denies the allegations in the second sentence of this paragraph.  The United States admits that the IRS sent plaintiff Liberty Township Tea Party a letter dated April 4, 2012, with Lois Lerner as the signer extending the time by which Liberty Township Tea Party had to respond to the original request for additional information by 60 days but denies any remaining allegations contained in the third sentence of this paragraph.

216-224.  No response to the allegations in paragraphs 216-224 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

225.  The United States admits that plaintiff Liberty Township Tea Party responded to the IRS's request for additional information in May 2012 but denies any remaining allegations contained in this paragraph.

226.  No response to the allegations in paragraph 226 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

227.   The United States admits that an IRS agent contacted plaintiff PECAN on June 29, 2012, stating that based on another review of PECAN's application, the IRS was withdrawing its prior request for additional information from PECAN and that the IRS would be issuing a new request for additional information and denies any remaining allegations in the first sentence of this paragraph.  The United States admits that the IRS sent a follow up letter dated April 22, 2013, requesting additional information from PECAN and denies any remaining allegations in the second sentence of this paragraph.

228-255.  No response to the allegations in paragraphs 228-255 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

256.  The United States admits the allegations in the first sentence of this paragraph.  The United States avers that the IRS received plaintiff Liberty Township Tea Party's response to the IRS's January 16, 2013 request for additional information on March 11, 2013 and denies any remaining allegations in the second sentence of this paragraph.  The United States admits the allegations in the third sentence of this paragraph.

257-263.  No response to the allegations in paragraphs 257-263 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

264.  The United States admits that the IRS sent a supplemental letter dated April 22, 2013, to plaintiff PECAN requesting additional information but denies any remaining allegations

in the first sentence of this paragraph.  The United States admits that the April 22, 2013 request included seventeen (17) questions with twelve (12) sub-parts but denies any remaining allegations in the second sentence of this paragraph.

265-268.  No response to the allegations in paragraphs 265-268 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

269.  The United States admits that the IRS has not made any determination with respect to the applications for tax-exempt status under § 501(c)(3) of the Internal Revenue Code submitted by plaintiffs PECAN and Liberty Township Tea Party and that those applications have been pending longer than 270 days.  The United States admits that Exhibit 2 attached to the SAC includes what appears to be an unsigned redacted copy of plaintiff PECAN's Form 1023.  The United States avers that it is not necessary for it to respond to any allegations pertaining to plaintiffs other than PECAN and Liberty Township Tea Party, Inc. because all claims relating to those plaintiffs have been dismissed by this Court, and denies any remaining allegations contained in this paragraph.

270.  The United States admits that plaintiff Liberty Township Tea Party, Inc. has exhausted its administrative remedies, has taken, in a timely manner, all reasonable steps to secure a determination for tax-exempt status under § 501(c)(3) of the Internal Revenue Code, has submitted a form 1023, and has complied with the requests for additional information by the IRS, but denies that plaintiff Liberty Township Tea Party, Inc. is entitled tax-exempt status under § 501(c)(3) of the Internal Revenue Code.  The United States denies that plaintiff PECAN has exhausted its administrative remedies, has taken, in a timely manner, all reasonable steps to secure a determination for tax-exempt status under § 501(c)(3) of the Internal Revenue Code, has completed and submitted all necessary documentation (except it did submit a Form 1023), and

6

complied with the requests for additional information by the IRS, and that it is entitled to a determination of tax-exempt status, or to tax-exempt status, under § 501(c)(3) of the Internal Revenue Code.  No response to any of the remaining allegations contained in this paragraph is necessary for the United States as they relate only to claims and/or plaintiffs that have been dismissed by this Court.

271-404.  No response to the allegations in paragraphs 271-404 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

## COUNT VIII

405.  See responses to paragraphs 1 through 404.

406.  The United States admits the allegations contained in this paragraph but avers that § 7428 also requires that the organization take, in a timely manner, all reasonable steps to secure such determinations.

407.  The United States admits the allegations contained in this paragraph but avers that before this Court can issue a declaratory judgment, it must determine that the remaining plaintiffs with respect to this claim have exhausted their administrative remedies.

408.  The United States admits the allegations contained in this paragraph.

409.  The United States admits that that the IRS has not made any determination with respect to the applications for tax-exempt status under § 501(c)(3) of the Internal Revenue Code submitted by plaintiffs PECAN and Liberty Township Tea Party, that those applications have been pending longer than 270 days, and that plaintiffs PECAN and Liberty Township Tea Party submitted Forms 1023 to the IRS.  The United States avers that it is not necessary for it to respond to any allegations pertaining to plaintiffs other than PECAN and Liberty Township Tea

Party, Inc. because all claims relating to those plaintiffs have been dismissed by this Court, and denies any remaining allegations contained in this paragraph.

410.  The United States admits that plaintiff Liberty Township Tea Party, Inc. has exhausted its administrative remedies, has taken, in a timely manner, all reasonable steps to secure a determination for tax-exempt status under § 501(c)(3) of the Internal Revenue Code, has submitted a form 1023, and has complied with the requests for additional information by the IRS, but denies that plaintiff Liberty Township Tea Party, Inc. is entitled to tax-exempt status under § 501(c)(3) of the Internal Revenue Code.  The United States denies that plaintiff PECAN has exhausted its administrative remedies, has taken, in a timely manner, all reasonable steps to secure a determination for tax-exempt status under § 501(c)(3) of the Internal Revenue Code, has completed and submitted all necessary documentation (except it did submit a Form 1023), and complied with the requests for additional information by the IRS, and that it is entitled to a determination of tax-exempt status, or to tax-exempt status, under § 501(c)(3) of the Internal Revenue Code.  No response to any of the remaining allegations contained in this paragraph is necessary for the United States as they relate only to claims and/or plaintiffs that have been dismissed by this Court.

411.  The United States denies the allegations contained in this paragraph.

412-424. No response to the allegations in paragraphs 412-424 is necessary from the United States as they relate only to claims which have been dismissed by this Court.

WHEREFORE the United States respectfully requests that this Court deny the relief requested in Count VIII of the Second Amended Complaint, the only Count remaining in this case, and grant any other relief to which the United States may be entitled.

DATED:  November 6, 2014.

Respectfully submitted,

TAMARA W. ASHFORD
Acting Assistant Attorney General, Tax Division

s/ *Grover Hartt, III*
GROVER HARTT, III (TX 09174500)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400
Dallas, Texas  75201
(214) 880-9733; (214) 880-9741 (FAX)
Grover.Hartt@usdoj.gov

JOSEPH A. SERGI (DC 480837)
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
555 4th Street, N.W., JCB 7207
Washington, D.C.  20001
(202) 305-0868; (202) 307-2504 (FAX)
Joseph.A.Sergi@usdoj.gov

CHRISTOPHER R. EGAN (TX 24036516)
JENNIFER D. AUCHTERLONIE (WA 29481)
LAURA C. BECKERMAN (CA 278490)
LAURA M. CONNER (VA 40388)
JEREMY N. HENDON (OR 982490)
MARISSA R. MILLER (CO 47214)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street, N.W.
Washington, D.C.  20001
(202) 514-2000

Of Counsel:
RONALD C. MACHEN, JR. (DC 447889)
United States Attorney

ATTORNEYS FOR THE UNITED STATES