IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINCHPINS OF LIBERTY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:13-cv-00777-RBW |
| UNITED STATES OF AMERICA, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**UNITED STATES' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Defendant United States of America, through undersigned counsel and pursuant to LCivR 7(h)(1), submits its statement of material facts as to which there is no genuine issue.

THE INTERNAL REVENUE SERVICE'S
APPLICATION REVIEW PROCESS

1. On May 14, 2013, the Treasury Inspector General for Tax Administration ("TIGTA") issued a report finding that the Internal Revenue Service used inappropriate criteria to select for review certain applications for tax exempt status under 11 U.S.C. § 501(c)(3), (4). Specifically, the report stated the Service selected the applications of organizations based upon their names or policy positions, rather than indications in their applications of potential political campaign intervention. Part of this selection process involved the use of BOLO ("Be On the Lookout") lists.  (Ripperda Decl. ¶ 20.)

2. TIGTA further found the use of the criteria gave the impression that the IRS was not impartial, and that ineffective management and lack of procedures for tracking requests for guidance contributed to unwarranted delay in processing these applications.  (*Id.*)

3. The TIGTA report also determined that ineffective management and a lack of training resulted in IRS agents sending the affected organizations requests for additional information. TIGTA subsequently concluded that some of these requests for information were unnecessary. (*Id.*)

4. Based on the findings in its report, TIGTA issued nine recommendations to the IRS aimed at reforming the screening and review processes to ensure that proper criteria were being used, ensuring the delivery of timely and appropriate guidance to the IRS employees doing the reviewing, developing additional training for the reviewers on identifying applications where political campaign intervention activities may require additional scrutiny, and ending the backlog of unprocessed applications and ensuring that future applications would be processed in a timely manner. (Ripperda Decl. ¶21.)

5. In a subsequent report issued in 2015, TIGTA found that the Service had either taken corrective action or developed corrective procedures to address each of TIGTA's recommendations. (Ripperda Decl. ¶22.)

6. On September 5, 2014, the United States Senate, Permanent Subcommittee on Investigations, Committee on Homeland Security and Governmental Affairs, issued a report entitled, "IRS and TIGTA Management Failures Related to 501(c)(4) Applicants Engaged in Campaign Activity," S. Rpt. 113-26, available at https://www.gpo.gov/fdsys/granule/CPRT-113SPRT89800/CPRT-113SPRT89800/content-detail.html. *See also* S. Rep. No. 114-119, at 77 (2015). This report made findings similar to the ones outlined in the TIGTA Report and made further recommendations, which were implemented by the IRS, to ensure that the events would never occur again. (Ripperda Decl. ¶¶ 24, 25.)

7. In August 2016, the Commissioner of the Internal Revenue Service wrote Congress about the Court of Appeals' decision in *True the Vote, Inc. v. Internal Revenue Service*, 831 F.3d 551 (D.C. Cir. 2016). In its opinion, the Court noted language in the IRS's 2013 interim guidance announcing that the IRS was "suspending" the use of the BOLO lists. The Commissioner wrote:

> The Court construed this to mean it was possible that the IRS had not conclusively eliminated the use of the BOLO lists.
> I want to be clear that no matter how you say it – whether it's suspended, eliminated, or ended – the IRS stopped this practice long ago and is committed to never using such a list or process ever again.

(*Koskinen Tells Lawmakers That IRS No Longer Uses Lookout List*, 2016 TNT 167-30 (Aug. 29, 2016)).

## THE APPLICATIONS UNDER 26 U.S.C. § 501(c)(3)

8. When plaintiffs' second amended complaint was filed on October 18, 2013, four plaintiffs – Linchpins of Liberty, PECAN, Liberty Township Tea Party, Inc., and AMEN – were still awaiting determinations on their applications for tax-exempt status under 26 U.S.C. §501(c)(3). (Doc. 51, ¶¶ 15-18.)

9. When plaintiffs' second amended complaint was filed on October 18, 2013, three plaintiffs – Oregon Capitol Watch Foundation, Protecting American Values, Inc., and First State Patriots, Inc. – had received determinations from the Service that their applications for tax-exempt status under 26 U.S.C. § 501(c)(3) had been approved. (Doc. 51, ¶¶ 30, 45, 49.)

10. After plaintiffs filed this action and before the United States filed its motion to dismiss the Second Amended Complaint, Linchpins of Liberty and AMEN received

determinations from the Service that their applications for tax-exempt status under 26 U.S.C. §501(c)(3) had been approved.

11. The remaining plaintiffs who had sought tax-exempt status under 26 U.S.C. §501(c)(3) – Liberty Township Tea Party, Inc. and PECAN -- voluntarily dismissed their claims for declaratory judgment on their tax-exempt status on December 12, 2014. (Doc. 101.) Both organizations recently requested that the IRS process their applications nonetheless. The IRS has done so, issuing proposed denials of both applications. The time period in which the organizations may request administrative review has not yet run.

THE APPLICATIONS UNDER 26 U.S.C. § 501(c)(4)

12. When plaintiffs' second amended complaint was filed on October 18, 2013, 19 plaintiffs – Colorado 9-12 Project, San Antonio Tea Party, Inc., Wetumpka Tea Party, Inc., OKC PIA Association, Richmond Tea Party, Inc., Hawaii Tea Party, Shelby County Liberty, Manassas Tea Party, The Honolulu Tea Party, Waco Tea Party, Kentucky 9/12 Project, Inc., Chattanooga Tea Party, American Patriots Against Government Excess, Rochester Tea Party Patriots, Roane County Tea Party, Shenandoah Valley Tea Party Patriots, First Coast Tea Party, Inc., Mid South Tea Party, and East Jersey Tea Party – had received determinations from the Service that their applications for tax-exempt status under 26 U.S.C. § 501(c)(4) had been approved. (Doc. 51, ¶¶ 29, 31-44, 46-48, 50.)

13. When plaintiffs' second amended complaint was filed on October 18, 2013, ten plaintiffs – Greenwich Tea Party Patriots of South Jersey, LLC, Greater Phoenix Tea Party, Unite In Action, Inc., Allen Area Patriots, Laurens Co. Tea Party, North East Tarrant Tea Party, Inc., Myrtle Beach Tea Party, Inc., Albuquerque Tea Party, Inc., Arlington Tea Party, Inc., and

Acadiana Patriots – were still awaiting determinations on their applications for tax-exempt status under 26 U.S.C. § 501(c)(4).  (Doc. 51, ¶¶ 19-28.)

14. By the time plaintiffs filed their notice of appeal on January 15, 2015, only two of these applicants – Unite in Action, Inc. and Albuquerque Tea Party, Inc. – were still awaiting action on their applications.  Unite in Action had received no determination of its application because the IRS had closed its file because of the applicant's failure to respond to a request for information in a timely manner.  Unite in Action later contended that it had provided the requested information, although the IRS had no record of receiving it.  Nonetheless, the IRS agreed that it would reopen this group's application and issue a determination upon receiving a copy of the material that Unite in Action stated it had previously provided.  (See Tr. of Oct. 12, 2016 Status Conf. at 9 10, ll.22 9.)  Following the Court's order on October 12, 2016, the IRS resumed processing these applications.

15. The IRS approved the application of United in Action, Inc. by letter dated October 26, 2016.  The IRS issued a proposed denial of Albuquerque Tea Party's Application on November 4, 2016.

16. When plaintiffs' second amended complaint was filed on October 18, 2013, four plaintiffs – San Fernando Valley Patriots, Inc., Portage County Tea Party, Inc., Tri-Cities Tea Party, and Mississippi Tea Party, Inc. – had determined they would not pursue their applications for tax-exempt status under 26 U.S.C. § 501(c)(4) and withdrew them.  (Doc. 51, ¶¶ 51-52, 54-55.)  A fifth plaintiff -- The Common Sense Campaign Corp. – had its application file closed by the IRS because that  organization declined to respond to the Service's requests for additional information.  (Doc. 51, ¶53.)

17.     At the status conference in this matter on October 12, 2016, plaintiff's counsel made an oral motion indicating that the four plaintiffs who had withdrawn their applications for tax-exempt status under 26 U.S.C. § 501(c)(4) now wanted those applications processed. (Doc. 109, 29:6-30:8.)  The court ordered that the IRS process the four applications. (Doc. 108.)

18.     On October 2, 2016, the parties filed a joint motion to modify the court's order because only one of the four plaintiffs who had withdrawn its application – Tri-Cities Tea Party – now wanted it processed. (Doc. 110.)

19.     The IRS issued a proposed denial of Tri-Cities Tea Party's application on November 8, 2016.

DATED: November 11, 2016

                Respectfully submitted,

                CAROLINE D. CIRAOLO
                Principal Deputy Assistant Attorney General
                Tax Division

                s/ Joseph A. Sergi
                JOSEPH A. SERGI (DC 480837)
                Senior Litigation Counsel
                U.S. Department of Justice, Tax Division
                555 4th Street, N.W., JCB 7207
                Washington, D.C.  20001
                (202) 305-0868; (202) 307-2504 (FAX)
                Joseph.A.Sergi@usdoj.gov

                LAURA C. BECKERMAN (CA 278490)
                LAURA M. CONNER (VA 40388)
                JOSEPH R. GANAHL (MD)
                JEREMY N. HENDON (OR 982490)
                GERALD A. ROLE (DC 415274)
                Trial Attorneys
                U.S. Department of Justice, Tax Division
                555 4th Street, N.W.
                Washington, D.C.  20001
                (202) 514-2000

Of Counsel:
CHANNING D. PHILLIPS
United States Attorney

                                              ATTORNEYS FOR THE UNITED STATES

14613552.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINCHPINS OF LIBERTY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:13-cv-00777-RBW |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2016, I caused the UNITED STATES' STATEMENT OF MATERIAL FACTS NOT AT ISSUE in the above-captioned matter to be filed with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ Joseph A. Sergi
Joseph A. Sergi

8

14613552.1